* The opinion of the Court (absente Parsons, C. J.) [ * 304 ] was delivered by
Parker, J.
On the facts agreed in this case, the question submitted to us is, whether the defendant is liable for the whole, or any part of the sum mentioned in the writing, on which the action is founded.
The counsel for the defendant has contended, that the writing signed by the defendant contained a conditional engagement only, and that the condition is of a nature to avoid the contract, if not strictly complied with by the plaintiffs; the true construction of the writing being, that the defendant would be answerable, if the plaintiffs did not trust Davis more than five hundred dollars; but that if they exceeded that sum, he was not to be liable.
*256 We cannot adopt this construction, being satisfied that the words, which are supposed to amount to a condition, were intended by the defendant only to limit his responsibility to the sum of five hundred dollars; there being no reason why he should be unwilling that Davis should obtain further credit upon his own responsibility — a circumstance which would diminish, rather than increase, the defendant’s eventual liability to pay the money.
But the defendant’s counsel has more strenuously urged, that the plaintiffs, having voluntarily given Davis a credit beyond the sum, for which the defendant became responsible, and having received payments of Davis within the term of credit given, pursuant to his guaranty, those payments ought to have been applied to reduce the credit given, in consequence of the defendant’s engagement, instead of having been applied in payment of the note, which he had not undertaken to guaranty, (a)
This argument appeared plausible, and had some weight with some of the Court at the hearing; but, upon deliberation, we are all of opinion that it has no solidity. The plaintiffs were not restricted, by any engagement with the defendant; from crediting Davis beyond the sum for which they had obtained the [ * 305 ] defendant’s guaranty. Finding that * he had obtained that guaranty for five hundred dollars, they might reasonably suppose there would be no hazard in trusting him with a less sum ; and they had a right to give such term of credit as they saw fit. This could not prejudice the defendant; for property was put into Davis's hands equal to the note taken of him, and, as far as this increase of capital would be of service to him in extending his business, so far would his ability to pay his debts probably increase.
Now, from the terms of the writing signed by the defendant, connected with the tenor of the note for five hundred dollars, and the common practice among merchants to take their notes payable on demand, notwithstanding a credit is intended and understood between the parties; it may reasonably be presumed, that the credit, which was founded on the defendant’s guaranty, was twelve months from the date of that guaranty; and that, according to the true contract of the parties, Davis was not to be compelled to pay at an earlier day, unless insolvency was likely to happen. When, therefore, he paid to the plaintiffs two sums of money in the sum *257 mer of 1805, he had a right to direct the application of them to the discharge, fro tanto, of his note for three hundred and seventy-five dollars, that note being then due, and the note for five hundred dollars not being then due, according to the understanding of the parties; and it ought to be presumed that he did so direct If, however, he did not, the plaintiffs had a right, if they were not bound, to apply those payments to the note which was due, instead of applying them to that, the payment of which could not, in conscience, be then enforced.
As to the payments, which were made after the expiration of the first credit, it is to be observed, that these were made after notice to the defendant that he was absolutely bound, in consequence of the non-payment of Davis, and after demand on the defendant for the fulfilment of his guaranty. The plaintiffs, being the fair creditors of Davis, * without any security, had an [ *306 ] undoubted right to apply these payments as they saw fit; having given the defendant an opportunity, by their notice to him, of securing himself against any eventual loss. And it is clear, that the plaintiffs had no view of prejudicing the defendant; for they would not have trusted Davis so late as the 17th of December, 1805, without any security, had they entertained any doubts of his solvency.
For these reasons, we are all of opinion, that the plaintiffs have maintained their action for the whole sum guarantied by the defendant ; for which, together with interest from the 8th of October, 1805, judgment must be rendered after a default of the defendant

Defendant defaulted.

 [Quære, if this be not the correct view of the case. The terms of the engagement seem to have been conditional; and there was nothing to indicate an intention to make a continuing guaranty. — See Melville & Al. vs. Hayden, 3 Barn, & Ald 593. — Boxill vs. Turner, 2 Chitty, 205. — Nichols vs. Paget, 1 Cromp. & Mees. 48. - 3 C. & P. 395. — 3 Tyr. 164. — Kirby & Al. vs. The Duke of Marlborough & Al. 2 M & S. 18. — Hassell & Al. vs. Long, 2 M. & S. 362. — Ed.)

See the case of Mason vs. Pritchard, 12 East. 227. [This was a very different case. See Melville vs. Hayden, 3 B. & A. 595.— Ed.]