Oakley J.
One Mrs. Phillips applied to the plaintiffs to purchase a quantity of goods. They declined delivering them without security. She offered the guaranty of the defendant, who signed and delivered to the plaintiffs the instrument, which is specially declared upon in this action.
The plaintiffs thereupon delivered to Mrs. P. a bill of goods amounting to $198.73, and at several subsequent periods, sold her other goods, in the whole to the amount of $379.60.
On the 20th of June, 1828, Mrs. P., wishing to give up her business, offered to return to the plaintiffs the goods she had on hand, so as to reduce the amount of her debt as much as possible, and the plaintiffs took them back to the amount of $200, and upwards. This action is brought on the guaranty, to recover the balance due on the account of Mrs. P., being $166.41.
I. The first objection made to the plaintiffs recovery, is, that he has not proved a demand on Mrs. P. for payment, and notice of non payment to the defendant.
I do not understand, that such a demand and notice are necessary to be proved, as conditions precedent to the plaintiffs’ right of action. The guaranty of the defendant is not a conditional, but an original undertaking, collateral to the promise of the ven *200 dee of the goods, and the defendant cannot set up as a defence, any negligence of the plaintiffs, in calling upon the vendee for payment, unless, at least, he can show that such negligence has been the cause of injury to him. [Duval v. Trask, 12 Mass. R. 156.] In the People v. Jansen, (7 J. R. 339.) The Court say, that in the case of a surety, the creditor is not bound to take any steps against the principal debtor, with a view to relieve the security, unless he should be required to enforce payment. In the present case, the omission to demand payment of the vendee of the goods, or to give notice of non-payment to the defendant, does not appear to have prejudiced him in any manner.
It would also be a sufficient answer to this point of the defence, that no objection was made at the trial, that a demand and notice were not proved.
II. It is objected also, that the guaranty is void, for the want of consideration, as to the goods, which had been purchased, and being void in part, is wholly so.
The guaranty applied to the facts, as they existed at the time it was entered into, must be understood, when it speaks of goods, which Mrs. P. had purchased, to allude to those, which she had contracted for, but which the plaintiffs would not deliver without security. It appears clearly in evidence, that all the goods sought to be covered by the guaranty were delivered after it was made. It is not necessary, therefore, to examine the correctness of the position assumed by the defendant’s counsel, under this branch of the defence.
III. It is contended, that the guaranty is a limited one, and that the payment of $200, made by Mrs. P., must be applied to satisfy it.
It is quite clear, that this guaranty is a continuing one, and by its ’ express terms intended to secure any sale of goods, during the period of one year, not exceeding the specified amount. The return of a portion of the goods to the plaintiffs, can hardly be considered as a payment, by Mrs. P.; but if it could, it appears to be settled, that when there are several debts, some of which are guarantied, and some not, and a payment is made by the debtor, the creditor may apply it as he pleases, unless a special applica *201 tion is made by the debtor. [Sturges v. Robbins, 7 Mass. R. 301. Hutchinson v. Bell, 1 Taunton, 564. Kirby v. Duke Marlborough, 2 Mau. & Sel. 18.] Upon the whole case, I think that the plaintiffs are entitled to judgment.

Judgment for the plaintiffs.

[E. Curtis, Atty. for the plffs. J. L. Mason, Atty. for the deft.]