THOMAS SKOFIELD *versus* ZIBA HALEY.

Cases of completed guaranty of existing demands are scarcely to be assimilated to those of indorsers, under the mercantile law of bills of exchange and promissory notes, in any of the rules as to demand and notice. Such guarantor may be, and generally is, liable without either, and is in many respects in the condition of a surety.

If the debtor was insolvent at the time the debt guarantied became payable, neither demand on him, nor notice to the guarantor would be necessary to charge the latter.

Where the defendant was liable to the plaintiff on a note, and by an agreement between them, made *bona fide*, the defendant was discharged from his liability on the note by giving to the plaintiff an order, drawn and accepted by others and guarantied by the defendant, *it was held*, that the amount of the order, thus guarantied, might be recovered, although somewhat greater than the original liability on the note.

EXCEPTIONS from the Eastern District Court, CHANDLER J. presiding.

This was an action of assumpsit upon a guaranty by the defendant of an order by one Nelson on Brooks & Waldron, by them accepted payable in boards, in favor of one N. H. Mooney, for $41,55. The consideration for the defendant's guaranty was his being discharged by the plaintiff from his liability for the balance of $50 due on note of $100, by

Haley & Mooney, to the plaintiff, which balance it belonged exclusively to the defendant to pay. The guaranty was made several days before the order became due, and was in these words — " I guaranty the within order in boards.

" Ziba Haley."

The exceptions state, " that the defendant contended that he was not liable on the guaranty, because there was no proof of demand of payment of the order on Brooks & Waldron when it became due, nor of any notice at any time, till this suit was commenced, of its non-payment. A second ground of defence was, that this order and guaranty having with other property, been delivered to the plaintiff in discharge of the defendant's liability from the balance of said $100 note, he was there at the same time told by the defendant that he had a bond *vs.* Brooks & Waldron and Woodbury, he had received of Mooney in Chase & Fuller's Office, which, if plaintiff should elect, he might take in lieu of said order; and in that event the guaranty was to be null and of no effect; and the plaintiff, after consultation, concluded to take the guaranty, and not the bond, yet he never notified the defendant that he had elected not to take the bond or to take the guaranty."

The defendant further contended, that inasmuch as there was but $20 due the plaintiff on the note, he was not entitled to recover the full amount of the order, but only so much as was equal to the balance due on the note of $100.

The plaintiff contended, that Brooks & Waldron, the acceptors, were insolvent at the time the acceptance became due, and that their insolvency excused the plaintiff from any obligation to demand the payment of it from them, or to give defendant notice of its non-payment. And the presiding Justice instructed the jury that such was the law in case of the acceptor's insolvency on that day, and that the defendant would be liable on his guaranty without any such demand or notice.

The said Justice further instructed the jury, that upon the contract as stated in the defendant's second ground of defence, the defendant was not entitled to any notice of the plaintiff's election, as stated above; and that the plaintiff, if entitled

*to* any thing, was entitled to the full amount due on said acceptance.

The jury returned a verdict for the plaintiff for the full amount of the acceptance ; and found it to be a fact, that the acceptors were insolvent on the day the order became payable, and that the agreement between the plaintiff and the defendant was as is stated in the defendant's second ground of defence. No further facts are found in the exceptions.

To the foregoing instructions and opinions the defendant excepted.

*B. Bradbury,* for the defendant, said, that as the jury had found, that the acceptors of the order were insolvent at the time it became due, he should not insist on the first ground of exception.

The plaintiff had an election between the order and the bond, and notice should have been given of which alternative he chose to avail himself. The instruction in this respect is erroneous.

If the plaintiff was entitled to recover, it should have been only for the amount due, twenty dollars. *French* v. *Grindle,* 15 Maine R. 163.

*Fuller,* for the plaintiff, said that a contract was made and executed between the parties. An offer was made by the defendant to the plaintiff to take a bond instead of the order. If the bond had been taken, the order was to have been given up. It was a mere offer to change securities, which was not accepted.

Here was no fraud pretended, and the Court will hold the parties to their agreements, when fairly made. This was one contract, and cannot be apportioned.

The opinion of the Court was drawn up by

WHITMAN C. J. — Cases of guaranty are scarcely to be assimilated to those of indorsers, under the mercantile law of bills of exchange and promissory notes, in any of the rules, as to demand and notice. *Clark & al.* v. *Burditt,* 2 Hall, 197 ; 1 Story's R. 22 ; *Lee* v. *Dick,* 10 Peters, 482. A guarantor

may be, and generally is, liable without either ; and is, in many respects, in the condition of a surety, obligating himself jointly and severally with the principal. If the holder of the obligation lays by, after the debt becomes due, for a great length of time, without making efforts to collect his demand, and, in the mean time, the debtor becomes insolvent, according to some authorities, it would seem, that the guarantor, would in a Court of equity, if not of law, be held to be absolved from his liability. But if the debtor were insolvent, when the debt became due, as was the case here, neither demand on him, or notice to the guarantor would be necessary to charge him. *Reynolds & al.* v. *Douglas & al.* 12 Peters, 497.

As to the offer of a bond, &c. in lieu of the guaranty, in this case it was but a proposition on one side, not acceded to on the other, and could not affect the rights of the plaintiff under the guaranty.

As to the third ground relied upon in the defence, against a portion of the plaintiff's claim, we are of opinion that it cannot prevail. The order was sold to the plaintiffs by the defendant *bona fide* and absolutely *in toto*. The property in it therefore became wholly the plaintiff's. It was the intention, for aught that appears, that he should avail himself of the whole amount due of the drawees; and if he could not, that the defendant should be responsible for it. And this view of the point, if authority were necessary to sustain it, is fully borne out by the case of *Oakley* v. *Boorman*, 21 Wend. 588.

*Exceptions overruled and judgment on the verdict.*