Robertson, Ch. J.
I entirely concur with my brother Monell in his views as to the absence of all right by the defendants to a. reformation of the contract in this case. There was no fraud, and no misrepresentation as to the *158 contents of the agreement in question. The rule that all ■prior negotiations are merged in a written contract, would be frittered away by allowing mere mistakes by one party, as to the meaning of such contract to be proved by his own oath, to do away with it, after the other party had acted on the faith of it.
Theré was no difference (except as to the amount) as to the legal effect of the first and second contract of surety-ship, signed by the defendants. ' The first bound them to pay, in case of default of Mrs. Shepherd in paying the rent, $800 of “ or any arrears thereof,” (that is, of the rent,) that might remain due to the plaintiff. The second, in case of like default, to pay “ nine hundred dollars or any arrears ' thereof that remain due unto ” the plaintiff.' So that although in the last one the term “thereof” may be grammatically-confined to the sum so designated and not construed so as to extend to the rent eo nomine, yet, under it, if Mrs. Shepherd should fail to pay any of her rent, the defendants would be liable to the extent of $900, for the part of her rent whieh should remain unpaid, or of so much of that sum as should be Bo payable on that amount, and remain unpaid.
I do not perceive that the parol evidence, when admitted, benefited the defendants at all. It established only that when called upon to sign the first guaranty, they asked the plaintiff’s agent what it meant, and that he said that if they “should hold themselves-liable to the amount of $800, the. plaintiff would take the risk of the other $200 from Mrs. Shepherd,” which was exactly its legal effect. On the next occasion the same agent and Mrs. Shepherd called on the defendants, and upon the latter’s “saying the rent was increased $100, and wishing them to become security to the • amount of a rent of $900, adding $100 to the year previous, which they agreed to do, on the same condition,” such agent said “the conditions were precisely the same as the year before, except there was $100 in addition to the rent, and that the plaintiff would require them to become responsible to add $100 to their liabilitywhich was exactly true, and was what *159 was effected by the second instrument. This is directly adverse to any inference that any such agreement was made as was set up in the answer, in regard to either instrument, as to the amount of rent to be paid by Mrs. Shepherd. There is, therefore, no evidence in the case of any mistake or misrepresentation. The instruction, therefore, to the jury “ that if the defendants relied entirely upon such verbal arrangement, and did not read the paper sufficiently to see that it varied from the former contract * • * they would be liable for $87.75 only,” was clearly, in any view, erroneous. Eor, taking the agent’s interpretation as the law of construction of such agreement in this case, to wit, making the defendants liable for $900, the plaintiff taking the risk of the other $200 from Mrs. Shepherd, the former w.ere liable for so much of the rent reserved which she did not pay as did not exceed $900 (being $275 and interest.)
Oases of guaranties to a certain amount, where the extent of dealings between the guarantee and the party to be trusted is not limited, .are not exactly applicable to cases of this kind, where the extent of the liability of the latter party is fixed and defined, and the portion of it assumed by the sureties is equally so. This presents the case of a definite indebtedness partly secured and partly not. Mrs. Shepherd had a perfect right, if she chose, to pay the money she did on account of the rent, in discharge of the liability of her sureties, leaving her own liability for the unsecured part to remain, and if the plaintiff had accepted it on that account, it would have gone in discharge of their liability pro tanto. Or if she, being bound to indemnify them, had made a legal tender of the whole amount for which they were liable, on their ■ behalf, as their agent, although of her own money, it would probably have been a good defense, since she might prefer to relieve them. But she made no such application of the money, and the plaintiff, therefore, became entitled to apply it as he thought proper, and first to the discharge of the unsecured part of the rent, leaving the defendants liable for the residue. (Clark v. Burdett, *160 2 Hall, 197.) Moreover, their liability was posterior in time, as it did not arise until default in the payment of the rent by Mrs. Shepherd, and therefore the moneys paid by her were to be first applied to discharge the unsecured liability. (Truscott v. King, 6 N. Y. Rep. 147. Allen v. Culver, 3 Denio, 284. Baker v. Stackpoole, 9 Cowen, 420.
I, therefore, concur in thinking the judgment and order denying a new trial should be reversed, and a new trial granted, with costs to .abide the event.