FISK ET AL., Respondents, *v.* STONE, Appellant.

1. Pleading — Complaint — Guaranty — Sufficiency.

Where a complaint against a guarantor alleged that the defendant, in consideration that the plaintiffs would sell one H. certain goods, promised to be answerable for the same to an amount not exceeding $300; that on the faith of said promise they did sell to said H. goods of the reasonable value of $442.66; that H. had not paid for the same, excepting $103.63, though requested so to do; that notice of demand on H. and non-payment had been given to the defendant; that demand of payment of $300 had been made upon him, and that he had not paid the same, *held,* that the complaint stated a cause of action.

2. Guaranty — Absolute — Notice — Waiver.

The defendant gave H. the following letter of guaranty, which was by her transmitted to the plaintiffs: "D. B. Fisk & Co. * * * Gentlemen: * * * Mrs. Hollenbeck is a friend of mine. * * * I think she is deserving of aid and assistance, and I am willing to give it. * * * I told her I thought you would let her have goods — a sale, not a commission — to be paid for as fast as sold, provided you were assured of your money without loss by guaranty from a party whose guaranty you were willing to accept. If you will send her goods as she may order, not exceeding $300 due you at any one time, I will guarantee that you are paid in full. * * * George W. Stone." *Held,* that this was an absolute guarantee, and that no notice of acceptance was necessary to render the defendant liable. But if the letter were construed as an offer of guarantee, the defendant, having communicated it through the debtor, waived the right of notice of acceptance to himself.

3. Same — Compliance.

Where under such letter the plaintiffs sent the debtor goods at one time on her order to the amount of $302.41 on a credit of four months, that be-

ing their usual time, *held*, they did not exceed the guaranty so as to entirely discharge the defendant.

(Argued and determined at the February Term, 1888.)

APPEAL from the district court, Terner county; Hon. C. S. Palmer, Judge.

This was an action by D. B. Fisk, D. M. Fisk and J. E. L. Frasher, copartners, under the name of D. B. Fisk & Co., against George W. Stone, defendant, on an alleged guaranty. The complaint charged that on the 25th of April, 1884, in consideration that plaintiffs would sell to one Mrs. L. B. Hollenbeck certain goods to be thereafter ordered by her, he promised to be answerable for the payment of the same to an amount not exceeding $300; that on the faith of said guaranty plaintiffs did thereafter sell and deliver to said L. B. Hollenbeck goods of the reasonable value of $442.66; that she had not paid for the same excepting $103.63; that the payment of the balance had been demanded of her, but she had not paid the same; that notice of the demand and non-payment had been given to the defendant; that on the 18th of October, 1884, they demanded the payment of $300 of said indebtedness from the defendant, and that he refused to pay the same or any part thereof. The defendant answered denying all of the allegations of the complaint. On the trial the defendant objected to the introduction of any evidence under the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The court overruled the objection, and the defendant excepted. The plaintiffs then read in evidence a letter of April 18, 1884, to them from Mrs. Hollenbeck, in which she said she intended going into the millinery business at Parker, Dak.; that she would like goods "on time;" that she had "moneyed friends" there "who will guarantee all goods sent to me will be settled for satisfactorily to yourselves." On the receipt of plaintiffs' reply to this, she again, April 27, 1884, wrote them ordering certain goods, and inclosed the following letter from the defendant:

"Parker, Dakota, *April 25th*, 1884.

"D. B. Fisk & Co., Chicago, Ill.:

"Gentlemen: — Yours 23d to Mrs. Hollenbeck, handed me. Mrs. H. is a friend of mine, who has been thrown on her own re-

sources, and pluckily intends to support herself. I think she is deserving of aid and assistance, and I am willing to give it. I told her I thought you would let her have goods, a sale, not a commission, to be paid for as fast as sold, provided, you were assured of your money, without loss, by guaranty from a party whose guarantee you were willing to accept. If you will send her such goods as she may order, not exceeding Three Hundred (300) Dollars due you, at any one time, I will guarantee that you are paid in full. Her intention is to start small and increase with the business. If at any time, I should deem it necessary to increase the amount above $300.00, I can then do so. For my standing, would refer you to Bradstreet, Dun & Co., Sioux Nat'l Bank, Sioux City, Iowa, or First Nat'l Bank, Canton, Dak. * * * I remain Yours Truly,          GEO. W. STONE."

One of the plaintiffs testified that upon the receipt of this letter of guaranty from Mrs. Hollenbeck they replied, accepting it as satisfactory, and on the faith of it sent her the goods she ordered, which amounted to $302.41. Afterward they sent her other small bills, all amounting to $442.66; and that the goods were reasonably worth that amount; that she was given four months credit on these purchases, that being the time usually given in such cases; that her account fully matured September 1, 1884; that she had paid $103.63 on the same; that she afterward went to Nebraska; that they had sent the account there for collection, and it had been returned uncollected; that in October, 1884, the plaintiffs notified defendant and drew on him for $300, but the draft had been returned unpaid. Thereupon the plaintiffs rested, and defendant requested the court to direct a verdict in his favor. The court denied this request, and the defendant excepted. The defendant offering no evidence, the plaintiffs requested the court to direct a verdict in their favor. The court granted the request, and the defendant excepted. After the denial of a motion for a new trial and the entry of final judgment, the defendant appealed.

*E. C. Kennedy*, for appellant.

The complaint is insufficient: 1. The guaranty was not entered into at the time of the original obligation and there was no dis-

tinct consideration. §§ 1651, 906, C. C. 2. It alleges merely an offer of guaranty, and there was no acceptance.

The guaranty was not absolute. §§ 1654, 1649, 1659, C. C. Under this letter notice of acceptance within a reasonable time was necessary. 2 Pars. Cont. 12; Brandt, Surety, § 157; Edmondston v. Drake, 5 Pet. 624; Douglas v. Reynolds, 7 id. 113; Lee v. Dick, 10 id. 491; Adams v. Jones, 12 id. 213; Louisville M. Co. v. Welch, 10 How. 475; Davis v. Wells, 104 U. S. 159; Davis S. M. Co. v. Richards, 115 id. 524; Furst & B. M. Co. v. Black, 12 N. E. Rep. 504; Gardner v. Lloyd, 2 Atl. Rep. 562; Wilcox v. Draper, 10 N. W. Rep. 579; Russell v. Clark, 7 Cr. 90; Davis S. M. Co. v. Mills, 8 N. W. Rep. 356.

The terms of the guaranty, in extending the credit four months and exceeding $300, were exceeded. §§ 1666, 1696, C. C.; Brandt, § 158; Fellows v. Prentiss, 3 Denio, 512; Hunt v. Smith, 17 Wend. 179; Walrath v. Thompson, 6 Hill, 541; Russell v. Clark, *supra;* First Nat. Bank v. Hale, 11 Otto, 50; Lee v. Dick, *supra.*

*Geo. H. Hand* and *J. H. Teller*, for respondents.

The complaint shows that the goods were sold on the faith of the guaranty. That is sufficient. § 1651, C. C.; Davis v. Wells, 104 U. S. 159; Wells v. Mann, 45 N. Y. 327; Leonard v. Vreedenburg, 8 Johns. 29; 1 Pars. 497; § 906, C. C.; Langdell, Cas. Cont. 987; DeColyer, Guar. 4.

Appellant's construction of the letter is based upon a *dictum* in Russell v. Clark, 7 Cr. 90. That is not now sustained by authority, and has been denied by that court. Drummond v. Prestman, 12 Wheat. 515. See, also, Mason v. Pritchard, 12 East, 227; Hargrave v. Smee, 6 Bing. 244. Guaranties are to have a reasonable construction in view of all of the circumstances. Beloni v. Freeborn, 63 N. Y. 383; Brandt, 105; Davis v. Wells, *supra.* Under this rule this was an absolute guaranty. Moline P. Co. v. Gilbert, 3 Dak. 239; Wilcox v. Draper, 10 N. W. Rep. 579; Caton v. Shaw, 2 H. & G. 13; Crittenden v. Fisk, 8 N. W. Rep. 714; Crittenden v. Dana, 6 Hill, 543; § 895, C. C.; Bell v. Bruen, 1 How. 169; Gales v. McKee, 13 N. Y. 231; Heffield v. Meadows, 4 C. P. 595; Allen v. Kenning, 6 Bing. 618; Lawrence

v. McCalmont, 2 How. 429; Douglas v. Howland, 24 Wend. 35; Powers v. Bumcratz, 12 Ohio St. 272; Wade, Notice, § 404.

The giving a credit that discharges a guarantor is such as changes the contract. Louisville M. Co. v. Welch, 10 How. 46. Credit was the object of the guaranty. The $300 was a limitation, not a condition of liability. § 1650, C. C.; Power v. Bumcratz, *supra;* Crittenden v. Fisk, *supra;* Bent v. Hartshorn, 2 Metc. 24. The vice of appellant's position here again is his erroneous construction of the latter.

The defendant sent this letter through the agency of the debtor. There was immediate notice of acceptance through that source. This is sufficient if it were a mere offer of guaranty as contended. Wilcox v. Draper, *supra.*

By the COURT:
The judgment is affirmed.

1. The case discloses the fact that the guaranty was intended to be absolute.

2. That, if an offer of guaranty, the defendant by his conduct waived the right of notice.

3. The terms of the guaranty were complied with.

4. The complaint was sufficient. All the justices concur, except FRANCIS, J.. who dissents.