## WILLIAM DEERING & CO. v. MORTELL.

Attached to a machinery agency contract was a form of guaranty, which recited that the signers, in consideration of the appointment or retention of the agent by plaintiff for the sale of its harvesters, etc., guarantied fulfillment of the agent's obligations, and agreed to pay all damages sustained by reason of any default of the agent, etc. This instrument was signed by the guarantors at the request of the agent without plaintiff's knowledge, and without any consideration passing to the guarantors from plaintiff. **Held,** that such instrument was not an absolute guaranty, but a mere offer to guaranty the agent's contracts, and was therefore not binding on the guarantors without notice of acceptance, as provided by Rev. Civ. Code, § 1974.

Where an original answer in an action on a guaranty was offered to show that the issues involved had been litigated, it could not be considered as the basis of an estoppel.

Where àn offer of guaranty had never been accepted and was therefore insufficient to charge the guarantors, they were not estopped to deny their obligation because, after their principal's liability had been ascertained, he delivered certain notes to them to protect them in case plaintiff sought to hold them liable, which notes the guarantors subsequently returned.

(Opinion filed, December 21, 1906.)

Appeal from Circuit Court, Grant County. Hon. J. H. McCoy, Judge.

Action by William Deering & Co. against Richard Mortell and others. From a judgment for defendants, plaintiff appeals. Affirmed.

*Preston & Hannett* and *Thad L. Fuller,* for appellant.

This is an agreement in the most absolute terms, to answer for any default of Mortell, and these guarantors expressly stipulate therein to be conclusively bound by the written acknowledgement of the agent. London & S. F. Bank Ltd. v. Parrott, et al, 58 Pac. 164; Scribner et al, v. Schenkel, et al, 60 Pac. 860; Furst & Bradley Mfg. Co. v. Black, 12 N. E. 504. The contract of guaranty in the case at bar, cannot be construed as a mere unaccepted proposal, it carries upon its face the conclusive evidence that it was understood and intended to be completed on delivery, and the guarantors placed it in the hands of the debtor for delivery, therefore, upon delivery it became a completed obligation. Crittendon v. Fiske, 8 N. W. 714; Jackson v. Wandes, 7 Blackford 526; Kline v. Raymond, 70 Ind. 271; Paige v. Parker, 74 Mass. 211; Bright

v. McKnight, 33 Tenn. 158. The pleadings in another case may be received in evidence to prove an admission made therein by the party against whom they are offered. Wilson v. Phoenix Powder Mfg. Co., 52 Am. St. Rep. 890. Answer filed for defendant over signature of his attorney is admissible as evidence in another action, of admissions of the allegations therein set out. Ayres v. Hartford Fire Ins. Co., 17 Iowa 176; Jones v. Clark, 37 Iowa 588; Clark v. Randall, 76 Am. Dec. 256.

*S. S. Lockhart* and *Thomas L. Bouck,* for respondents.

A contract of guaranty, like every other contract, can only be made by the mutual assent of the parties. If the guaranty is signed by the guarantor at the request of the other party, or if the latter's agreement to accept is contemporaneous with the guaranty, or if the receipt from him of a valuable consideration, however small, is acknowledged in the guaranty, the mutual assent is proved, and the delivery of the guaranty to him or for his use completes the contract. But if the guaranty is signed by the guarantor without any previous request of the other party, and in his absence, for no consideration moving between them except future advances to be made to the principal debtor, the guaranty is in effect an offer or proposal on the part of the guarantor, needing an acceptance by the other party to complete the contract. Davis v. Richards, 115 N. S. 524; Winnebago Paper Mills v. Travis, 58 N. W. 36; German Savings Bank v. Drake, 83 N. W. 961, 51 L. R. A. 758. A proposal to guaranty is not operative as a guaranty unless accepted according to the terms thereof, and he who seeks the benefit of the guaranty must show a strict compliance with its terms. 3 Denio, 512, 45 Am. Dec. 484; Decreamer v. Anderson, 71 N. W. 1090; Standard Machine Co. v. Shurch, 11 N. D. 420.

HANEY, J. The allegations of the complaint are in substance as follows: That on March 31, 1892, the plaintiff and defendant Mortell entered into an agency contract; that on the same day the defendants Kaercher, Benedict, and Lockhart guarantied in writing the performance of such contract; that such guaranty was accepted by the plaintiff, of which acceptance the guarantors had notice; that on October 11, 1892, an accounting was had according to the terms of the contract, whereby it was ascertained that Mor-

tell owed the plaintiff $6,171.89 which he promised to pay; and that he still owes the plaintiff $2,920.49, with interest from March 18, 1898. Defendants Kaercher, Benedict and Lockhart, in substance, deny that they guarantied the agency contract; deny any knowledge or information sufficient to form a belief as to Mortell's failure to perform the same; allege that they merely signed an offer to guaranty for which no consideration passed from the plaintiff; that no agent of the plaintiff was present when such offer was signed and that it was not signed at plaintiff's request; and they specifically deny that they received any consideration for making such offer, or were ever notified of its acceptance by the plaintiff. Defendant Kaercher also pleaded a discharge in bankruptcy. At the conclusion of the testimony the plaintiff moved for a directed verdict against Benedict and Lockhart which was denied, and defendant's motion for a directed verdict was granted. Kaercher's discharge in bankruptcy not being challenged, the only question presented for review is whether the court erred in directing a verdict for Benedict and Lockhart.

The evidence discloses that the following instrument appended to the agency contract was signed by Kaercher, Benedict and Lockhart at the request of Mortell, without the knowledge of the plaintiff, and sent to the plaintiff by Mortell through the mails, and that the signers did not know of its acceptance until after the indebtedness sued for had been contracted; "In consideration of the appointment or retention of above part as agent of William Deering & Co., for the sale of their harvesters, binders, reapers, mowers, trucks, extras, twine and other property in certain territory, the undersigned jointly and severally guaranty the fulfillment by said agent of all his obligations and duties growing out of or relating to such agency or otherwise, that now or hereafter may exist, and we agree to pay said William Deering & Co., or their successors, all damages they may sustain by reason of any default of said agent; that the written acknowledgment of or a judgment of any court against said agent, shall in every respect bind and be conclusive against the undersigned, their heirs and representatives; and that the liability hereby created shall not be waived, modified, or can-

celed by any extension of time to pay or keep any part of said ob-
ligations or duties, or otherwise, nor except by surrender to us of
this guaranty and agreement, or by indorsement hereon by William
Deering & Co., at their home office in Chicago." No consideration
was received by the signers, and none, passing to them from the
plaintiff, is acknowledged in the instrument. "A mere offer to
guaranty is not binding until notice of its acceptance is communi-
cated by the guarantee to the guarantor; but an absolute guaranty
is binding upon the guarantor without notice of acceptance." Rev.
Civ. Code, § 1974. Appellant concedes there was no notice of ac-
ceptance, but insists none was necessary because there was an ab-
solute guaranty. The North Dakota statute is identically the same
as ours.

In discussing its application to an instrument substantially the
same as the one in this case, and which was obtained under sub-
stantially the same circumstances, the Supreme Court of that state
points out the distinction between an offer to guaranty and an abso-
lute guaranty in the following clear and convincing language:
"The reason for requiring notice of acceptance of an offer of guar-
anty to be communicated by the guarantee to the guarantor—and
this requirement of the statute is also the well-settled doctrine of
the courts—is that without acceptance and notice of acceptance
there is not that mutual consent necessary to the existence of a
contract, or in other words, there is no contract of guaranty. See
14 Am. & Eng. Enc. Law, 1146, and cases cited in note 8; also
25 Am. Dig. 26; 1 Brandt, Sur. § 186; Adams v. Jones, 12 Pet.
(U. S.) 207. The true test, we think, in determining whether a
guaranty is in fact an offer of guaranty, or an absolute guaranty,
is whether there is mutual assent. In Machine Co. v. Richards,
115 U. S. 524, 6 Supreme Court 173, and this is the leading
case upon this subject—it was held that 'a guaranty signed
by the guarantor without any previous request of the other party,
and in his absence, for no consideration moving between them
except future advances to be made to the principal debtor, is,
in legal effect, an offer or proposal on the part of the guarantor
which requires an aceptance to complete the contract.' Mr. Justice
Gray, who wrote the opinion in that case, summarizes the rule as

follows: 'A contract of guaranty, like every, other contract, can only be made by the mutual assent of the parties. If the guaranty is signed by the guarantor at the request of the other party, or if the latters agreement to accept is contemporaneous with the guaranty, or if the receipt from him of a valuable consideration, however small, is acknowledged in the guaranty, the mutual assent is proved, and the delivery of the guaranty to him, or for his use, completes the contract. But if the guaranty is signed by the guarantor without any previous request of the other party, and, in his absence, for no consideration moving between them except future advances to be made to the principal debtor, the guaranty is, in legal effect, an offer or proposal on the part of the guarantor, needing an acceptance by the other party to complete the contract.' Applying these principles to the facts of this case as they are stipulated, we have no hesitation in reaching the conclusion that the instrument sued upon is a mere offer of guaranty, and that it never became a binding obligation upon the defendants because of plaintiff's failure to complete the same by communicating to the defendants a notice of its acceptance. The mutual assent or meeting of minds necessary to the existence of a completed contract was, therefore, wanting. As has been seen, it was not executed by the defendants at the plaintiff's request, or in the presence of its agents, and the instrument acknowledges the receipt of no consideration from the guarantee to the guarantors, and there was no contemporaneous acceptance of it. On the contrary, it is expressly stipulated that it was signed by the defendants without request from plaintiff or its agents, and that they were not present when it was delivered by the defendants to Edmunds, and that the defendants were not present when Edmunds delivered it to the plaintiff. It amounted then, merely, to an offer or proposal which the plaintiff might accept or reject, at its option. If it desired to make the offer binding upon the defendants, it was not sufficient merely to accept and act upon it, but it was required, under the statute, to communicate to the defendants notice of its acceptance. This was not done. There was, therefore, no mutual assent, and, consequently, no contract and no liability." Standard S. M. Co. v. Church, 11 N. D. 420, 92 N. W. 805. Being satisfied that this interpretation of the stat-

ute is correct, and that no distinction can be drawn between the facts stipulated in the case cited and the facts proved in the case at bar, we are forced to the conclusion that respondents did not make an absolute guaranty. The memorandum decision in Fisk v. Stone, 6 Dak. 35, 50 N. W. 125, has received careful consideration. In absence of the record upon which it was based it is impossible to determine whether it supports or conflicts with the views adopted in the present case.

Appellant further contends: "The subsequent acts on the part of the guarantors, was equivalent to notice of acceptance, and especially waived any rights to insist upon want of notice of acceptance." As we understand the contention, it is that defendants are estopped by their conduct from asserting that notice of acceptance was not given. It is based on certain allegations of the original answer, and testimony tending to prove that after Mortell's liability on the agency contract was ascertained, he delivered certain notes to the other defendants for the purpose of protecting them in case the plaintiff sought to hold them liable, and which were subsequently returned. The original answer was offered in connection with the judgment roll, for the purpose, as stated by counsel for plaintiff, of showing that the issues involved had been litigated, and judgment rendered as against defendant Mortell, and it cannot be considered for any other purpose. Moreover, it contained no admissions inconsistent with the contention that notice of acceptance was not given. Neither is the fact that Mortell gave, and the other defendants accepted, collateral security, inconsistent with such contention. Nothing could be more clearly established than that the defendants Kaercher, Benedict, and Lockhart, at all times refused to pay the plaintiff's claim, and continually denied their liability.

The judgment of the circuit court is affirmed.

FULLER, P. J., taking no part in the decision.