(118 App. Div. 76)

### SCHINASI et al. v. LANE.

(Supreme Court, Appellate Division, First Department. March 8, 1907.)

GUARANTY—CONSTRUCTION—LIMITATION AS TO AMOUNT.

The president of a corporation, with a view to induce plaintiffs to give credit to his company, delivered a contract guarantying any bills the company might contract with plaintiffs between certain dates, "providing the amount of credit shall not exceed $5.000 at any one time." *Held*, that such provision merely limited the liability of the guarantor to the sum named, and that he was not released by the fact that at certain times during the period named the credits had exceeded such sums.

Ingraham, J., dissenting.

Appeal from Trial Term.

Action by Solomon Schinasi and another against Robert E. Lane. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, HOUGHTON, and LAMBERT, JJ.

William J. Leitch, for appellant.
Frederick Wiener, for respondents.

LAUGHLIN, J. The plaintiffs were copartners engaged in manufacturing and selling cigarettes. The defendant was a stockholder and president of the Retail Cigar & Tobacco Dealer's Association of New York a domestic corporation. With a view to inducing the plaintiffs to give credit to his company, after negotiations between the parties, the defendant wrote, signed, and delivered to the plaintiffs a guaranty as follows:

"New York, April 29th, 1905.

"Messrs. Schinasi Bros., Present—Dear Sirs: I hereby guarantee any bills the Retail Cigar and Tobacco Dealers' Association of New York, may contract with you from this date, until January 1st, 1906 unless I notify you to the contrary, providing the amount of credit shall not exceed $5,000.00 at any one time.

"Respectfully,  [Signed]  Robert E. Lane."

Prior to the giving of the guaranty the plaintiffs had sold the company cigarettes on credit. After the execution and delivery of the guaranty, and prior to the 1st day of January, 1906, the total credit extended to the defendant by the plaintiffs at times exceeded $5,000, but no single sale aggregated that sum. On the 2d day of January, 1906, there was due and owing to the plaintiffs from the company for merchandise sold and delivered to the company on the faith and credit of the guaranty the sum of $3,200.67. The plaintiffs have recovered full that amount, together with interest.

The learned counsel for the appellant insists that the defendant is relieved from liability on the guaranty merely because at different

times after the execution and delivery of the guaranty and prior to the 1st day of January, 1906, the total amount of credit extended to the company by the plaintiffs exceeded $5,000. This is not the true construction of the guaranty. The defendant did not intend by his contract of guaranty to deprive his company of obtaining credit. He merely intended that his liability should not exceed $5,000. The language in which the guaranty was made was general, and, but for the clause with respect to the $5,000, would have rendered defendant's liability unlimited. As president of the company, he could exercise supervision over it to the extent of its purchases. He did not intend to obligate the plaintiffs to protect him as a stockholder by their contracts with his company. The contract does not require a construction that it was intended as anything more than a guaranty. The construction contended for by the appellant reads into the guaranty a contract on the part of the plaintiffs that they would not extend credit exceeding $5,000 at any one time. There is nothing to show that defendant deemed a greater credit injurious to the company, or that he meant to exert through this contract of guaranty a controlling supervision over the indebtedness of the company. So far as the guaranty is concerned, especially in view of the defendant's relations with his company, it is evident that he merely intended to limit his liability to $5,000. The contract, having been drawn by the defendant, should, if necessary to protect the plaintiffs and accomplish the object of the guaranty, be interpreted most strongly against him if it be ambiguous. The interpretation for which he now contends would make the contract misleading; and is not the understanding that an ordinary person would glean from reading it. The guaranty remained in force and the amount of credit at the time the action was brought was less than $5,000. I am of opinion that the defendant is clearly liable therefor. Even if we were not aided by the fact that the defendant was president of the company to which credit was to be extended, the general rule is that such words of limitation in a guaranty are to be construed as intending to limit the liability of the guarantor, and not a condition as to the extent of credit to be given, the breach of which would release the guarantor. Rindge v. Judson, 24 N. Y. 64; Tootle v. Elgutter, 45 Am. Rep. 103; Curtis v. Hubbard, 6 Metc. (Mass.) 186; Lowrie v. Scofield, Law Rep. 4 C. P. 622; Clagett v. Salmon, 5 Gill. & J. (Md.) 314; Pratt v. Matthews, 24 Hun, 386; Parker v. Wise, 6 M. & S. 239.

It follows that the judgment should be affirmed, with costs.

PATTERSON, P. J., and HOUGHTON and LAMBERT, JJ., concur.

INGRAHAM, J. (dissenting). The defendant's contract was to guaranty "any bills the Retail Cigar and Tobacco Dealers' Association of New York may contract" with the plaintiffs from April 29, 1905, to January 1, 1906, with a proviso that the amount of credit should not exceed $5,000 at any one time. I think the defendant had the right to impose conditions upon which his liability should depend, and it seems to me that he did impose as a condition that the credit

extended to the association should not exceed $5,000. It is not a limit of the amount of guaranty, but a condition upon which the guaranty is to be effected. The evidence is that on January 6, 1906, the total credit extended to the association was $5,200.67. Subsequently, on January 10, 1906, the association paid $2,000 on account, but the condition upon which the defendant was willing to guaranty the payment of bills of the association was broken by the plaintiffs' extending credit to an amount exceeding $5,000, and I think the defendant was relieved from liability.

The case of Farmers' & Mechanics' Bank v. Evans, 4 Barb. 487, is in point, and what was said in that case I think applies here:

"It appears to me that the defendant intended to restrict the whole amount of the indebtedness of I. and K. at any one time, to the plaintiffs, to $5,000. He contemplated that I. and K. would from time to time require money in their business, and he was willing to become responsible for any sums which the plaintiffs should loan them, provided the whole amount should not at any one time exceed $5,000. He was unwilling to become surety for I. and K. to the extent of $5,000 in case they were permitted to incur a larger debt at the bank. He may have had good reason for imposing this restriction. There are many men very competent to manage a small business successfully, who, when their business is extended, and large liabilities are incurred, become entirely incompetent to its successful management. * * * However this may be, the defendant had a right so to reason; and he had the right, with or without reason, to prescribe the terms, and to say when and under what circumstances he would become liable to the plaintiffs as the guarantor of I. and K.; and, if the plaintiffs have not brought themselves within those terms, he is not liable. This is not a case where the guarantor is liable for a certain limited sum, although the whole amount of the credits or indebtedness may be much larger."

In the cases relied on by the plaintiffs the terms of the guaranty were different, and I do not think they are in point. I think the judgment should be reversed.