[Civ. No. 1099.    First Appellate District.—October 30, 1912.]

E. LEAN, Appellant, v. LOTTIE P. GEAGAN and M. V. GEAGAN, her Husband, Respondents.

GUARANTY OF SPECIFIED AMOUNT OF GOODS SOLD ON CREDIT—LIMITATION OF GUARANTY NOT A LIMITATION OF CREDIT—GUARANTOR NOT EXONERATED.—A guaranty of the payment of any goods sold on credit to a third person named, "provided the amount due or to become due shall at no time exceed the sum of one thousand dollars," is a limitation upon the amount of the guarantor's liability for credit, and not upon the amount of credit to be extended to such third person; and any further extension of credit beyond the amount so limited, does not exonerate the guarantor.

ID.—GUARANTY CONSTRUED AS CONTINUING—ADDITIONAL DEBTS IMMATERIAL.—A guaranty limiting the amount for which the guarantor will be bound, but without limitation as to time, and without circumstances to evince a contrary intention, will, in general, be construed to be a continuing guaranty and operative till revoked. The guarantor will be held liable to the extent of his guaranty, though the principal debtor may have during the existence of the guaranty contracted debts equal to or greater than the sum named therein. The limitation in the guaranty refers to the amount of the guarantor's liability, and not to the amount of the dealing between the purchaser and the one who gives the credit.

ID.—CONSTRUCTION OF AMBIGUOUS GUARANTY—PROTECTION OF CREDITOR —LIMITATION UPON AMOUNT OF LIABILITY—CONDITION.—Any ambiguity in a contract of guaranty concerning the liability of the guarantor, will be resolved in favor of protecting the creditor to the extent of the sum named therein; and the ambiguous provision will be construed as a limitation upon the amount of the guarantor's liability, rather than as a condition upon which any liability whatever attaches.

APPEAL from an order of the Superior Court of Alameda County granting a new trial.   N. D. Arnot, Judge presiding.

The facts are stated in the opinion of the court.

Barnett Lyon, for Appellant.

Edward A. Holman, for Respondents.

KERRIGAN, J.—This is an appeal from an order granting defendants' motion for a new trial, after judgment for

plaintiff in an action on an agreement of guaranty had been rendered and entered.

On the twenty-fourth day of April, 1908, the defendant Lottie P. Geagan made, executed, and delivered to the Hitchcock-Hill Company, a corporation, a guaranty in the words and figures following:

### "GUARANTY.

"I hereby request Hitchcock-Hill Company, a corporation, to sell and deliver to W. B. Provan, Colo., County Denver, merchandise as he may from time to time require, and in consideration of such sale and credit extended I hereby guaranty the payment of any and all indebtedness which may hereafter become due from said W. B. Provan to said Hitchcock-Hill Company, provided the amount due or to become due shall at no time exceed the sum of one thousand dollars. . . . This guaranty shall continue until written notice of its revocation is received from said Mrs. Lottie P. Geagan by said Hitchcock-Hill Company."

On the fifth day of May, 1909, and at various dates just prior thereto, the Hitchcock-Hill Company, on the faith of the guaranty, had sold and delivered to W. B. Provan merchandise in the sum of $1,102.39, on account of which $94.69 had been paid, leaving a balance due of $1,007.70. M. V. Geagan is the husband of Lottie P. Geagan, and for that reason is made a party defendant. It also appears from the complaint that prior to the commencement of this suit Hitchcock-Hill Company assigned its claim on the guaranty to the plaintiff. The action is for the amount of the guaranty, i. e., one thousand dollars.

The only plausible theory and in fact the conceded theory—upon which the trial court acted in granting the motion for a new trial was that plaintiff's assignor, in allowing Provan a credit in excess of one thousand dollars, breached the proviso contained in the guaranty that the "amount due or to become due shall at no time exceed the sum of $1,000," and thereby discharged the guarantor from all liability.

The court at first took the view that this proviso merely limited the amount for which the guarantor held herself responsible; but subsequently on motion for a new trial arrived at the conclusion that it had misconstrued this provision of the guaranty, and that its true meaning and intent was that

the guarantor's liability was conditional upon Provan's credit being limited by the Hitchcock-Hill Company to the sum of one thousand dollars.

We think the court was right in the first instance, and that the mere extension of credit to Provan beyond the sum named did not exonerate the obligor.

In 14 Am. & Eng. Ency. of Law, 2d ed., p. 1140, par. 4, the general rule on the subject is laid down as follows: "Where the guaranty contains a limitation as to the amount for which the guarantor will be bound, but contains no limitation as to time, and there is nothing in the circumstances surrounding the execution of the contract to evince a contrary intention, it will in general be construed to be a continuing guaranty and operative until revoked, and the guarantor will be held liable to the extent of his guarantee, notwithstanding the principal debtor may have during the existence of the contract contracted debts to an amount equal to or greater than the sum named in the guaranty. The limitation mentioned in the guaranty has reference to the amount of the guarantor's liability, and not to the amount of the dealing between the purchaser and the one who gives the credit."

It is well settled that any ambiguity in a contract of guaranty, concerning the liability of the guarantor, will be resolved in favor of protecting the creditor to the extent of the sum named therein; in other words, that such a provision will be construed as a limitation upon the amount of the guarantor's liability rather than as a condition upon which any liability whatever attaches.

In the present case we think the words "provided that the amount due or to become due shall at no time exceed the sum of $1,000" refer to the liability to be assumed by the guarantor. The authorities support this conclusion.

In the case of *Fisk et al.* v. *Stone*, 6 Dak. 35, [50 N. W. 125], the language of the instrument was that if the amount due should not "at any time" exceed three hundred dollars, the guarantor would see that it was paid in full. A credit of about four hundred dollars was given, and this was held not to constitute a breach of the guaranty.

In the case of *Pratt* v. *Matthews*, 24 Hun, (N. Y.), 386, the defendants executed an instrument, whereby they agreed with plaintiff's assignors that one Pope, who had purchased

or was about to purchase coal of said assignors, should and would pay for all coal delivered to him up to a certain date, and in default of his so doing they agreed to pay for the same, provided the amount so in default should not at any time exceed the sum of one thousand dollars. In the course of the dealings which followed, Pope became indebted for more than the amount of the guarantee, and the guarantors contended that the condition of the bond was broken, and that they were not liable for any sum at all. The court, after referring to a rule in that state, which prevails here, i. e., that in interpreting contracts of suretyship the same rules of construction are applicable as to other contracts (Civ. Code, sec. 2837; *Sather Banking Co.* v. *Briggs,* 138 Cal. 724, [72 Pac. 352]), held that the fact that the indebtedness due from Pope for coal exceeded at times the sum of one thousand dollars did not relieve the guarantors from liability upon the contract.

In the case of *Schinasi* v. *Lane,* 118 App. Div. 76, [103 N. Y. Supp. 127], the language of the guaranty was "providing the amount of credit shall not exceed $5,000 at any one time." The court held that "the defendant did not intend by his contract of guaranty to deprive or hinder" the debtor "from obtaining credit. . . . There is nothing," says the court, "to show that the defendant deemed a greater credit injurious to the company, or that the guarantor meant to exert through his contract of guaranty a controlling supervision over the indebtedness of the company." The court concluded its opinion with the statement that "the general rule is that such words of limitation in a guaranty are to be construed as intending to limit the liability of the guarantor, and not a condition as to the extent of credit to be given, the breach of which would relieve the guarantor" (citing many cases). (See, also, *Crittenden* v. *Fiske,* 46 Mich. 70, [41 Am. Rep. 146, 8 N. W. 714]; *Sturges* v. *Robbins,* 7 Mass. 301.)

In the case at bar it does not appear clearly that the guarantor feared that a credit in excess of the amount stated in the instrument would be injurious to her, or that she desired to control the amount of credit which the Hitchcock-Hill Company might extend to Provan; but, on the other hand, it does appear that the form of the guaranty entered into was supplied by the Hitchcock-Hill Company, who may well

be presumed not to have intended by the proviso under discussion to confine their protection within the narrow limits contended for by appellants. That that corporation understood the proviso inserted by it to be a limitation not upon the amount of credit to be extended to Provan, but upon the amount of the guarantor's liability, may also be inferred from the fact that said corporation almost immediately extended credit to Provan beyond that sum. Moreover, the guarantee being given for the benefit of the creditor, it should be construed so as best to effect that purpose if it fairly can be. We think the construction we have placed upon it merely holds the guarantor to the extent of her engagement.

We have examined the other grounds upon which the motion for a new trial was based, but find nothing in them which would warrant the court's order granting the motion. Moreover, it appears that the new trial was granted upon the ground that we have just considered.

The order appealed from is reversed.

Lennon, P. J., and Hall, J., concurred.