(88 Misc. Rep. 26)

### STEINHARDT BROS. & CO. v. MARX.

(Supreme Court, Appellate Term, First Department.   December 4, 1914.)

GUARANTY (§ 40*)—CONTRACT—LIMITATION OF AMOUNT—CONSTRUCTION.

Where defendant contracted as a primary obligation to pay for merchandise to be delivered by plaintiff to D. to an amount not exceeding in the aggregate $500, such limitation was intended to relate to the amount of defendant's liability to pay, and did not restrict the amount of merchandise that plaintiff might deliver to D., so that defendant's liability to the extent of $500 continued until notice of withdrawal, regardless of the fact that more than $500 worth of goods had been delivered to D. and paid for.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 49;  Dec. Dig. § 40.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Steinhardt Bros. & Co., a corporation, against Joel E. Marx.   From a Municipal Court judgment in favor of defendant, plaintiff appeals.   Reversed and remanded.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Kremer & Strasser, of New York City, for appellant.
Louis Jersawitz, of New York City, for respondent.

SEABURY, J.   On the 12th day of May, 1910, the defendant executed and delivered to the plaintiff an instrument under seal in the following language:

"For and in consideration of the sum of one ($1.00) dollar, and other good and valuable consideration, receipt whereof is hereby acknowledged, to me in hand paid by Steinhardt Bros. & Co., a domestic corporation, and in the further consideration of said Steinhardt Bros. & Co. delivering merchandise to P. J. Doran, of No. 2022 Lexington avenue, borough of Manhattan, city of New York, I hereby covenant and agree to pay for all merchandise delivered to said P. J. Doran by said Steinhardt Bros. & Co., to an amount not exceeding in the aggregate five hundred ($500) dollars. I further certify and agree that my obligation to pay for said merchandise is a primary obligation; that it is the intent hereof that said Steinhardt Bros. & Co. shall not be compelled to take any action whatever against said P. J. Doran for the payment of merchandise delivered hereunder in order to establish their right to compel payment from me. I hereby authorize and instruct said Steinhardt Bros. & Co. to deliver the merchandise sold hereunder to said P. J. Doran, at No. 2022 Lexington avenue, borough of Manhattan, city of New York."

It is stipulated as a fact that thereafter the plaintiff sold and delivered to Patrick J. Doran merchandise at the agreed price of $930.18, all of which has been paid for by Patrick J. Doran, except $167.01, with interest thereon from the 9th day of February, 1911.   The action is brought to recover the balance unpaid as aforesaid.

In the court below the parties both considered the instrument in suit as a "guaranty," although upon its face it was clearly an original and primary undertaking upon the part of the defendant, in consideration of the sale and delivery of merchandise by the plaintiff to one P. J.

Doran, to pay for the merchandise delivered to an amount not exceeding in the aggregate $500. The defense interposed was that the plaintiff delivered merchandise to Doran in excess of $500, and has been paid up to and exceeding the aggregate amount of $500 by Doran himself.

The learned trial justice granted judgment for the defendant. I am of the opinon that this was error. The words "to an amount not exceeding in the aggregate five hundred dollars" were clearly intended to relate to the amount of the defendant's liability to pay, and did not restrict the amount of merchandise which the plaintiff might deliver to Doran. There was nothing in the wording of the contract to restrict it as to time or to limit it to a single transaction. It would therefore continue until notice of its withdrawal. Gates v. McKee, 13 N. Y. 232, 64 Am. Dec. 545; Rindge v. Judson, 24 N. Y. 64; Schinasi v. Lane, 118 App. Div. 76, 103 N. Y. Supp. 127, affirmed without opinion 191 N. Y. 545, 85 N. E. 1116; White's Bank v. Myles, 73 N. Y. 335, 29 Am. Rep. 157.

The judgment appealed from should be reversed, and judgment directed for the plaintiff for $167.01, with interest from the 9th day of February, 1911, and appropriate costs in the court below, in accordance with the facts stipulated, with costs in this court to the appellant. All concur.