(94 Misc. Rep. 309)

LEYENSON et al. v. LINDENBAUM.

(Supreme Court, Appellate Term, Second Department.   March Term, 1916.)

1. GUARANTY ⬤⟹27—CONSTRUCTION.
   The construction of a contract of guaranty is governed by the same rules as any other contract.
   [Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 28; Dec. Dig. ⬤⟹27.]

2. GUARANTY ⬤⟹27—CONSTRUCTION—GUARANTY OF FUTURE TRANSACTIONS.
   In a contract to guarantee the payment for goods thereafter to be bought, the words of the guaranty must be given the meaning which the creditor would naturally attach to them, since the guarantor invites him to part with his property on the credit of the guaranty.
   [Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 28; Dec. Dig. ⬤⟹27.]

3. GUARANTY ⬤⟹38(2)—CONSTRUCTION—CONTINUING GUARANTY—"ACCOUNT."
   A written statement that "I guarantee H.'s account to the amount of $25, and am liable for it if he does not pay for any merchandise taken on credit," which was given before there were any dealings between the guarantee and debtor, is a continuing guaranty, which renders the guarantor liable for the balance due after a course of dealings in which more than the amount limited had been paid by the debtor, since the word "account" imports the result of a continuous course of dealings, and the instrument shows that the limit of $25 was placed on guarantor's liability, not on the amount of credit to be given.
   [Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 47; Dec. Dig. ⬤⟹38(2).
   For other definitions, see Words and Phrases, First and Second Series, Account.]

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Julius Leyenson and another against William Lindenbaum; first name, "William," being fictitious. From a judgment for

the defendant, and the denial of a motion to vacate and set it aside, the plaintiffs appeal. Judgment reversed, and directed for plaintiffs.

Argued March term, 1916, before BLACKMAR, KAPPER, and CALLAGHAN, JJ.

Nathan D. Shapiro, of Brooklyn, for appellants.

Feldman & Streicher, of New York City, for respondent.

BLACKMAR, J. This is an action to enforce a contract of guaranty, which resulted in a dismissal of the complaint, and the plaintiffs appeal.

[1-3] The construction of a contract of guaranty is governed by the same rules as any other contract. If it be a contract to guarantee the payment by the debtor for goods thereafter to be bought, then, the guarantor having invited the seller to act and part with his property on the credit of the guaranty, the words of the guaranty must be given the meaning which the creditor would naturally attach to them. Rindge v. Judson, 24 N. Y. 64. The contract of guaranty, omitting the addresses of the parties and its formal beginning, is as follows:

"I guarantee Mr. E. Herman's account to the amount of $25, and am liable for it if he does not pay for any merchandise taken on credit from Leyenson & Arison.                                   M. Lindenbaum."

The meaning of a paper like this may depend on circumstances within the knowledge of the parties when it was given and accepted. All we learn from the meager statement of facts is that after November 7, 1910, which was the date the guaranty was given, Mr. E. Herman and Leyenson & Arison started in and continued to do business for about four years, and that during such time Leyenson & Arison sold to Herman goods aggregating hundreds of dollars worth; that more than $25 was paid thereon by Herman, and that the sum claimed— i. e., $22.88—is the last balance that is due. We learn from this statement that the business relations between Herman and Leyenson & Arison began after the guaranty was given. This we get from the words of the stipulation of facts, that they "started in" after November 7th. The Herman account was not therefore in existence at the date of the guaranty, and the guaranty was, therefore, of an "account" for any merchandise taken on credit. And this must mean taken thereafter on credit. In view of the fact, ascertained by reading the words of the guaranty in the light of the circumstances stated in the stipulation, that the guaranty was for the future, I think the natural meaning is that it is a continuing guaranty. The word "account" imports that. That would be a word used for the result of a continuous course of dealings. So one would say an account at the grocer's, the butcher's, or the baker's, and the word would convey the meaning of a continuous course of dealings.

The fact that $25 is the limit of the guarantor's liability, and not of Herman's credit, is also shown by the words of the instrument. The guaranty reads:

"I guarantee Mr. E. Herman's account to the amount of $25, and am liable for it [i. e., for $25] if he does not pay for any merchandise taken on credit."

The guaranty being for future dealing, being continuous, and the $25 being the limit of the guarantor's liability, and not of the credit to be given to Herman, it follows that the judgment should have been for the plaintiffs.

Judgment reversed, with $30 costs, and judgment directed for plaintiffs for $22.88, with interest from October 22, 1914, with appropriate costs below.   All concur.