Harris Levy, Plaintiff, *v.* Ira Margolies and Another, Defendants.

City Court of New York, Bronx County, July 20, 1934.

*William Roth,* for the plaintiff.

*Louis H. Solomon,* for the defendants.

Donnelly, J.   The defendant Margolies was, on May 17, 1934, duly served with the summons and verified complaint, by substituted service, pursuant to the order of this court dated May 16, 1934, the original of which has been entered in the office of the clerk of this court.   The time of said defendant to appear or answer herein has expired, and he has not appeared, answered or made any motion addressed to the complaint, nor has his time so to do been extended by order, stipulation or otherwise, and no application for such extension has been made by him or in his behalf.

Plaintiff moves, pursuant to rule 113 of the Rules of Civil Practice, for an order striking out the answer of the defendant Harris and granting to plaintiff summary judgment for the relief demanded in the complaint.

On November 1, 1922, the defendant Harris sent a letter to plaintiff, as follows:

" Mr. Harry Levy.

" Dear Sir:   I hereby guarantee the account of Ira Margolies up to $500.

" Very truly yours,

" HARRY HARRIS."

The guaranty is a continuing one.   It is so admitted by the defendant in his answer.   The word " account," used by defendant in his letter to plaintiff, imports that the guaranty was for the

future. (*Leyenson* v. *Lindenbaum*, 94 Misc. 309.) Harris' limitation of his obligation to $500 was not to any single transaction between plaintiff and Margolies. The words " up to $500 " were clearly intended to relate to the amount of Harris ' ultimate liability only, and did not restrict the quantity of merchandise plaintiff might deliver to Margolies. The guaranty continued until notice of its withdrawal. (*Steinhardt Bros. & Co.* v. *Marx*, 88 Misc. 26; *Gates* v. *McKee*, 13 N. Y. 232; *Rindge* v. *Judson*, 24 id. 64.) A continuing guaranty is one upon which the creditor has the right to rely until, by some adequate notice, the guarantor limits his responsibility. (*White's Bank of Buffalo* v. *Myles*, 73 N. Y. 335, 342, 343.)

There is no issue of fact raised by the answer, and none is presented by the defendant's affidavit.

Motion granted. Plaintiff may enter judgment against the defendant Harris in the sum of $500, with interest thereon from the 3d day of March, 1934. Ten days' stay of execution after service of notice of entry of judgment.