## STEWART v. LYNESS.

(132 N. W. 768.)

**Appeal — undertaking — sufficiency of affidavit.**

1. Section 7208, Rev. Codes 1905, provides that, to render an appeal from the district court to the supreme court effectual for any purpose, an undertak-

ing must be executed on the part of the appellant by at least two sureties, to the effect that the appellant will pay all costs and damages which may be awarded against him on the appeal, not exceeding $250. Section 7221 provides that an undertaking upon appeal shall be of no effect, unless accompanied by the affidavit of the sureties, in which each surety shall state that he is worth the sum mentioned in such affidavit over and above all his debts and liabilities in property within this state, not by law exempt from execution, and the sum so sworn to by such sureties shall in the aggregate be double the sum specified in such undertaking. *Held*, that an appeal to this court in which the undertaking referred to in said section is supported by an affidavit which fails to state that the property of the sureties is within this state in the amount specified is ineffectual for any purpose, and that such undertaking must be stricken out on motion, and the appeal dismissed.

**Appeal — undertaking — sufficiency — right to benefits of statute not asked for.**

2. No intimation is made as to any rights of the appellant under the provisions of § 7224, Rev. Codes 1905, for the reason that he stood upon the undertaking and affidavits furnished.

Opinion filed September 20, 1911. Rehearing denied October 13, 1911.

Appeal from District Court, Wells county; *Burke,* J.

Application by James R. Stewart for mandamus to Hampton Lyness. From an order overruling and denying a motion for a peremptory writ, and granting a motion to quash an alternative writ issued in the cause, an appeal is taken.

Appeal dismissed.

*Herman Winterer* and *D. S. Ritchie,* for appellant.

*John A. Layne* and *Maddux & Rinker,* for respondent.

SPALDING, J. This is an appeal from an order of the district court of Wells county overruling and denying appellant's motion for a peremptory writ of mandamus, and granting the motion of respondent to quash an alternative writ issued in the cause, and dismissing the same.

The respondent submitted a motion to dismiss the appeal upon each of several grounds stated in the motion papers, and a motion, among others, to strike out appellant's undertaking for costs and damages on the appeal. This last motion must be granted and the appeal dismissed. Sec. 7205, Rev. Codes 1905, provides, among other things, that an

appeal shall be deemed taken by the service of a notice of appeal, and perfected on service of an undertaking for costs or the deposit of money instead, or the waiver thereof. Section 7208 provides that, "to render an appeal effectual for any purpose, an undertaking must be executed on the part of the appellant by at least two sureties, to the effect that the appellant will pay all costs and damages which may be awarded against him on the appeal, not exceeding $250." Section 7221 provides that an undertaking upon an appeal shall be of no effect unless accompanied by the affidavit of the sureties, in which each surety shall state that he is worth a sum mentioned in such affidavit over and above all his debts and liabilities in property within this state, not by law exempt from execution, and which sum so sworn to by such sureties shall, in the aggregate, be double the amount specified in such undertaking. The motion relied upon was based upon the ground that the affidavit attached to the undertaking for costs and damages utterly fails to state that the sureties are worth the sum named, above their debts and liabilities and exclusive of property exempt from execution, in property within this state. The legislature has seen fit to require the sureties to make affidavit that the required amount of property is located within the state of North Dakota, to render the undertaking on appeal effectual for any purpose. This court cannot question the wisdom of the action of the legislature in making this requirement of sureties. It would appear to the court to be a most reasonable thing to require. If an appellant desires to pursue his remedies in the highest court, he must insure the respondent at least as to costs and damages occasioned by the appeal; and it would be an unwarranted hardship to require the respondent, in case he should be compelled to resort to an action upon the undertaking to collect costs and damages, to follow the property of sureties out of the state, and to enforce his rights in a foreign jurisdiction. While in some cases it might occasion but little inconvenience, in others it would work a greater hardship than would the loss of the amount involved. So far as the affidavits of the sureties in the case at bar are concerned, and for all that is disclosed in the record, the property which they aver they possess in excess of their debts, liabilities, and exemptions, may be in China or Australia; and it is quite clear that the legislature did not intend to impose upon the respondent, if success-

ful upon the appeal, the burden of enforcing his rights as against the sureties in any foreign jurisdiction, near or remote.

We are of the opinion that this defect is fatal to appellant's cause in this court. It is unnecessary for us to consider what his rights might be under the terms of § 7224, Rev. Codes 1905, which provides that when a party shall in good faith give notice of appeal, and shall omit, through mistake or accident, to do any other act necessary to perfect the appeal, to make it effectual or to stay proceedings, the court from which the appeal is taken, or the presiding judge thereof, or the supreme court, or any one of the justices thereof, may permit an amendment or the proper act to be done on such terms as appear to be just, for the reason that, although this question was fully discussed by counsel on argument, the appellant saw fit to stand upon the undertaking and affidavit furnished in support of the appeal already taken, and gave no intimation of any desire to amend or to furnish new affidavits or undertaking. The courts are disposed to construe the last-mentioned section of the Code liberally, but they cannot force its benefits upon litigants who do not seek them, even if the omission is not jurisdictional, which we do not determine.

The motion to strike out the undertaking is granted, and the dismissal of the appeal necessarily follows.

Pollock, Judge of the Third Judicial District, sat in place of Burke, J., disqualified. Morgan, Ch. J., did not participate.