THE W. T. RAWLEIGH MEDICAL COMPANY, a Corporation, v. LAURSEN et al.

(141 N. W. 64.)

**Appeal bond — justification — sureties — amendment — new bond — application.**

1. A justification upon an appeal bond, which fails to state that the sureties are worth "the sums therein mentioned, over and above their debts and liabilities not by law exempt from execution, in *property within the state of North Dakota*," is defective. The appellant, however, may, upon a proper showing, and under § 7224, Rev. Codes 1905, be allowed to either amend the undertaking or to file a new bond in the supreme court.

**Dismissal of appeal — abstract — evidence — exhibits.**

2. It is not in itself a sufficient ground for the dismissal of an appeal that an appellant has failed to include in his abstract all of the evidence and exhibits necessary to a proper consideration of the case.

**Appeal — dismissal — motion — abstract — failure to file terms of court — excuse.**

3. Under § 7231, Rev. Codes 1905, which provides that "unless continued for cause, all civil cases appealed to the supreme court shall be heard at the next succeeding term of the court . . ." "when the appeal is taken sixty days before the first day of the term," and when appellant fails to serve and file his abstract in time for the next term, but no motion to dismiss the appeal on that ground is made at such term, the court may, upon a proper showing, at such subsequent term, excuse such failure.

---

Note.—The above case seems to be in harmony with the general rule, as shown by a note on the question of the necessity of notice of acceptance to bind guarantor, in 16 L.R.A.(N.S.) 353, 379, that notice of acceptance may be waived by the guarantor, either by an acknowledgment of liability or other conduct, by the terms of the offer itself, or by express stipulation. See also supplemental note in 33 L.R.A. (N.S.) 960, and notes on this subject in 105 Am. St. Rep. 515; 39 Am. Rep. 221; and 29 L. ed. U. S. 480.

**Statute — motion — appeal.**

4. Such statute is not self-operating, and no motion having been made to dismiss the appeal at the first term, and since, if such motion had been made, the court might have granted a continuance or for other reasons denied the motion, the matter would come up at the second term as a new question to be presented at such term.

**Contract — guaranty — performance — proof — acceptance — signature.**

5. Where defendants had guaranteed the faithful performance of a certain contract, and where sued for the breach thereof, on such guaranty, it was not necessary to prove the signature of the plaintiff to the original contract, it being shown that he had accepted the same and had shipped goods thereunder, and the signatures of the other party and of the guarantors being proven.

**Guarantor — notice of acceptance — waiver — intention — vendor — proof.**

6. The right of a guarantor at the common-law and under § 6080, Rev. Codes 1905, to notice that his proposal of guaranty is accepted and will be acted upon, may be waived by the form of the guaranty or by the manifest intention of the parties, as implied thereby. Where, therefore, a guaranty read, "In consideration of the W. T. Rawleigh Medical Company extending credit to the above-named person, we hereby guarantee to it, jointly and severally, the honest and faithful performance of the said contract by him, *waiving acceptance and all notice,* and agree that any extension of time or change of territory shall not release us from liability hereon," and it appeared from the evidence that the said guaranty was attached to the contract, and was taken by the principal to the guarantors and signed by them, and then was sent by the said principal to the vendor or guarantee, and that the said vendor wrote to the principal accepting the same, and furnished goods thereunder, *held,* that it was not necessary to prove an acceptance of the guaranty by the seller or guarantee personally made or written to the guarantors.

Opinion filed March 29, 1913.

Appeal from the District Court for Barnes County; *Templeton,* Special Judge.

Action against principal and guarantors upon a contract of sale, for the breach of the same. Judgment for plaintiff. Defendants (guarantors) appeal.

Affirmed.

On or about May 10, 1908, a contract was entered into between the W. T. Rawleigh Medical Company and one Lauritz Laursen, under

and by the terms of which the said medical company agreed to sell to the said Laursen certain merchandise, and the said Laursen agreed to pay for the same according to a schedule of prices and in a manner in said contract stated. Before the delivery of the goods, the medical company required that a guaranty be furnished for the faithful performance of the contract on the part of the said Laursen, and this contract was sent to Laursen by the company for both his signature and that of the guarantors. The contract was then signed by Laursen, and he took the same to the guarantors and obtained their signatures to the guaranty printed thereon. He then mailed the contract to the medical company. On May 20th, the company wrote Laursen, accepting the said contract and approving of the said sureties. Subsequently the medical company forwarded the goods under the contract to Laursen. Payment was not made, and an action was brought against Laursen and the guarantors, Lee and Blank, to recover the agreed price. At the conclusion of the trial the court directed a verdict in favor of the plaintiff, and from the judgment entered thereon the defendants Lee and Blank appealed.

*Page & Englert,* for appellants.

The contract involved was denied in the answer, and there it was necessary for plaintiff to establish the same by at least proving its proper execution. The genuineness of the signatures should be proved. Pullen v. Hutchinson, 25 Me. 249; Brayley v. Kelly, 25 Minn. 160; Curtis v. Hall, 4 N. J. L. 148; Seibold v. Rogers, 110 Ala. 438, 18 So. 312; Rutherford v. Dyer, 146 Ala. 665, 40 So. 974.

If there was no properly executed contract at the time the guaranty was signed, or, if it was not properly received in evidence, there was no basis for the action. Barnes Cycle Co. v. Reed, 84 Fed. 603, 33 C. C. A. 646, 63 U. S. App. 279, 91 Fed. 481; Coe v. Buehler, 110 Pa. 366, 5 Atl. 20; Evans v. McCormick, 167 Pa. 247, 31 Atl. 563.

There was no notice of acceptance of the guaranty on the part of plaintiff, to the guarantors. Standard Sewing Mach. Co. v. Church, 11 N. D. 420, 92 N. W. 805; William Deering & Co. v. Mortell, 21 S. D. 159, 16 L.R.A.(N.S.) 352, 110 N. W. 86.

A party giving a letter of guaranty has the right to know whether it is accepted, and whether the person to whom it is addressed means to act upon it, or give credit on the strength of it. Douglass v. Reynolds, 7 Pet. 113, 8 L. ed. 626.

The so-called guaranty was a mere offer, never accepted—and was, in any event, without consideration. Standard Sewing Mach. Co. v. Church and William Deering & Co. v. Mortell, supra; Davis Sewing Mach. Co. v. Richards, 115 U. S. 524, 29 L. ed. 480, 6 Sup. Ct. Rep. 173; Hoffman v. Mayaud, 35 C. C. A. 256, 93 Fed. 171; Fellows v. Prentiss, 3 Denio, 512, 45 Am. Dec. 484; Winnebago Paper Mills v. Travis, 56 Minn. 480, 58 N. W. 36.

The fact that plaintiff furnished goods to the principal debtor, under the contract, and in reliance upon the offer of guaranty, would not dispense with notice of acceptance, and of plaintiff's intuition to act upon the guaranty. Walker v. Forbes, 25 Ala. 139, 60 Am. Dec. 498; Rapelye v. Bailey, 3 Conn. 438, 8 Am. Dec. 199; Wills v. Ross, 77 Ind. 1, 40 Am. Rep. 279; Milroy v. Quinn, 69 Ind. 406, 35 Am. Rep. 227; Mussey v. Rayner, 22 Pick. 223; Winnebago Paper Mills v. Travis, 56 Minn. 480, 58 N. W. 36; Standard Sewing Mach. Co. v. Church, 11 N. D. 420, 92 N. W. 805; William Deering & Co. v. Mortell, 21 S. D. 159, 16 L.R.A.(N.S.) 352, 110 N. W. 86; Davis Sewing Mach. Co. v. Richards, 115 U. S. 524, 29 L. ed. 480, 6 Sup. Ct. Rep. 173; Tuckerman v. French, 7 Me. 115; Oaks v. Weller, 13 Vt. 106, 37 Am. Dec. 583; Steadman v. Guthrie, 4 Met. (Ky.) 147; Douglass v. Reynolds, 7 Pet. 113, 8 L. ed. 626.

*Herman Winterer* and *David S. Ritchie,* for respondent.

The engagement or contract of guaranty may be written on the back of the note or bill, or on a separate paper. If accepted and acted upon, it is sufficient. 20 Cyc. 1400, 1401; Mallory v. Grant, 4 Chand. (Wis.) 143, 3 Pinney (Wis.) 443; Forman v. Stebbins, 4 Hill, 181; Peck v. Barney, 12 Vt. 72; Feustmann v. Gott, 65 Mich. 592, 32 N. W. 869; Burns v. Cole, 117 Iowa, 262, 90 N. W. 731.

The appellants having guaranteed the performance of the main contract, they are estopped to deny the due execution of the contract. Otto v. Jackson, 35 Ill. 349; Mason v. Nichols, 22 Wis. 376.

Even though a contract is not signed by the principal, yet if he accepts and enjoys the benefits of it, his guarantor will be bound. McLaughlin v. McGovern, 34 Barb. 208; Clark v. Gordon, 121 Mass. 330; McConnon & Co. v. Laursen, 22 N. D. 604, 135 N. W. 213; Emerson Mfg. Co. v. Tvedt, 19 N. D. 8, 120 N. W. 1094; Swisher v. Deering, 204 Ill. 203, 68 N. E. 517; Taussig v. Reid, 145 Ill. 488, 36 Am. St.

Rep. 504, 30 N. E. 1032, 32 N. E. 918; Hughes v. Roberts, J. & R. Shoe Co. 24 Ky. L. Rep. 2003, 72 S. W. 799; Davis Sewing Mach. Co. v. Rosenbaum, — Miss. —, 16 So. 340; People's Bank v. Lemarie, 106 La. 429, 31 So. 138, 141; Bank of California v. Union Packing Co. 60 Wash. 456, 111 Pac. 573; 14 Am. & Eng. Enc. Law, 1149; Trefethen v. Locke, 16 La. Ann. 19; Wadsworth v. Allen, 8 Gratt. 174, 56 Am. Dec. 137; Farwell v. Sully, 38 Iowa, 387; Bickford v. Gibbs, 8 Cush. 154; Worchester County Inst. for Sav. v. Davis, 13 Gray, 531; Reynolds v. Douglass, 12 Pet. 497, 9 L. ed. 1171; Kennedy & S. Lumber Co. v. S. S. Constr. Co. 123 Cal. 584, 56 Pac. 457; Garland v. Gaines, 73 Conn. 662, 84 Am. St. Rep. 182, 49 Atl. 19; Bond v. John V. Farwell Co. 96 C. C. A. 546, 172 Fed. 58; Cumberland Glass Mfg. Co. v. Wheaton, 208 Mass. 425, 94 N. E. 803; Graham v. Middleby, 185 Mass. 355, 70 N. E. 416; New Haven County Bank v. Mitchell, 15 Conn. 206; Noyes v. Nichols, 28 Vt. 159; Nading v. McGregor, 121 Ind. 465, 6 L.R.A. 686, 23 N. E. 283.

The delivery and acceptance of the contract, the sale of the goods, and extension or credit in reliance upon the guaranty attached, were consummated as the parties intended, by one connected transaction. Cumberland Glass Mfg. Co. v. Wheaton, 208 Mass. 425, 94 N. E. 803; Sheppard v. Daniel Miller Co. 7 Ga. App. 760, 68 S. E. 451; Bank of California v. Union Packing Co. 60 Wash. 456, 111 Pac. 573; J. R. Watkins Medical Co. v. Brand, 143 Ky. 468, 33 L.R.A.(N.S.) 960, 136 S. W. 867; Stewart v. Knight & J. Co. 166 Ind. 498, 76 N. E. 743; Closson v. Billman, 161 Ind. 610, 69 N. E. 449; Bankers Iowa State Bank v. Mason Hand Lathe Co. 121 Iowa, 570, 90 N. W. 612, 97 N. W. 70; Frost v. Standard Metal Co. 215 Ill. 240, 74 N. E. 139; Lennox v. Murphy, 171 Mass. 370, 50 N. E. 644.

BRUCE, J. (after stating the facts as above). A motion is made to dismiss the appeal, for the reason that the appellants have failed to perfect the same by serving and filing a sufficient undertaking within one year from the date of notice of entry of judgment. There is no doubt in our minds that the undertaking is defective. The justification, indeed, fails entirely to state that the sureties are worth "the sum therein mentioned, over and above their debts and liabilities not by

law exempt from execution, *in property within the state of North Dakota.*" This allegation seems to be necessary. See § 7221, Rev. Codes 1905; Stewart v. Lyness, 22 N. D. 149, 132 N. W. 768; Burger v. Sinclair, 24 N. D. 326, 140 N. W. 235. Appellant, however, has asked this court for leave to either amend the undertaking on appeal so as to remedy the defect, or to be allowed to file a new undertaking. This permission, where the court has reasonable grounds to believe that the appeal has been taken in good faith, may be granted, even though the time for appealing has expired. § 7224, Rev. Codes 1905; Burger v. Sinclair, 24 N. D. 326, 140 N. W. 235.

Respondent also moves for a dismissal of the appeal, for the reason that appellant has violated rule 16 of this court by failing to include in his abstract all of the evidence, exhibits, etc., necessary to a proper consideration of the case, as the same appear in the settled statement of the case. He is, however, in error in regard to the rule. Rule 16 applies merely to trials *de novo,* of which this is not one. Rule 12, it is true, requires all material parts of the record to be embodied in the abstract, but rule 13 gives to the respondent the opportunity to prepare an amended abstract if he deems the abstract of the appellant insufficient. We do not believe that any material exhibits were omitted. Even if they were, the omission would hardly be ground for the dismissal of the appeal.

Respondent also urges that the appellant has failed to file abstract and briefs within the time required by statute, and that therefore the appeal should be dismissed. The notice of appeal and undertaking on appeal were served upon the respondent in the latter part of August, 1911, and were filed in the office of the clerk of the district court on the 6th day of January, 1912. Respondent contends that, the record showing that the appeal was perfected more than sixty days prior to the April term of this court, it was necessary, under the statute, that the cause "should be heard at said term, unless, for good cause shown, it was continued," and that since no steps were taken in the matter, or abstract or briefs filed until the month of August, 1912, the appeal must be deemed to have been abandoned. He cites § 7231, Rev. Codes 1905, which provides that, "unless continued for cause, all civil cases appealed to the supreme court shall be heard at the next succeeding term of court in either of the cases following: (1) When the appeal is taken sixty

days before the first day of the term; (2) when, by either party, a printed abstract and a printed brief are served twenty-five days before the first day of the term."

Appellants, on the other hand, seek to excuse their delay by showing that the transcript was not obtained until May 15, 1911; that the statement of the case was settled June 22, 1911; that the notice of appeal and undertaking were served on the 22d day of July, 1911, and filed on the 6th day of January, 1912; that during February they sent the abstract to the printer, but that the printer delayed and failed to get out the same in time for the April term of the court, though he did so in ample time for the October term, and that the abstracts were filed and served in ample time for the October term. Plaintiff and respondent insists, nevertheless, that the appeal should be dismissed, and that § 7231 of the statute is mandatory. Counsel cites the South Dakota cases of Todd v. Carr, 17 S. D. 514, 97 N. W. 720; Russell v. Deadwood Development Co. 16 S. D. 644, 94 N. W. 693; Bunday v. Smith, 23 S. D. 308, 121 N. W. 792; Whitcher v. Foote, 30 S. D. 39, 128 N. W. 1022; Neilson v. Chicago & N. W. R. Co. 27 S. D. 96, 129 N. W. 907. None of these cases, however, bear out his proposition in its entirety. In all of them the court exercised its discretion, or the motion for dismissal was made at the proper time. The statute, we believe, is not self-executing. All that it and the rules provide is that at the next succeeding term of court the cases shall be heard, and, unless the briefs and abstracts are filed, shall be dismissed *unless good ground is shown for their continuance and they are continued by the court.* Plaintiff and respondent made no motion for a dismissal at the April term. If he had done so, this court, in its discretion, could have dismissed the appeal, or, on a proper showing, have continued the case until the October term. We hold, in short, that the statute is not self-executing, and since, under the showing in this case, the delay seems to have been excusable, we will now when the point is first raised deny the motion to dismiss the appeal.

Defendants and appellants assign as error the action of the court in admitting in evidence the original contract between the Rawleigh Medical Company and the defendant Laursen, for the performance of which the appellants are sought to be held as guarantors. On the trial the execution by the defendant Laursen and by the appellants was

proved, but there was no identification of the signature of the Rawleigh Medical Company, and the failure to make this specific proof is claimed to be fatal to the action. We do not, however, so consider it. There is no doubt of the execution by appellants, and there is no question of the acceptance of the contract by the plaintiff. There is no doubt that the goods were delivered under the contract, and there is abundant proof of its acceptance, even though not of the actual signature of the medical company. G. F. Korf, for instance, testifies: "I am manager of the W. T. Rawleigh Medical Company. . . . Subsequently, I received an application for contract from Mr. Laursen. In response thereto I sent him a blank contract. He thereafter returned the contract, with letter dated May 11, 1908, marked Exhibit C and made a part of the deposition. I acknowledged this letter on May 14, 1908, marked Exhibit D, and attached to the deposition. Exhibit E is Mr. Laursen's contract for the sale of the W. T. Rawleigh Medical Company's products. This is the contract mentioned in the letter as being sent by Mr. Laursen. Exhibit E is attached to the deposition. The signatures of C. J. Lee and Sam Blank appear on this contract as guarantors. We made acceptance of this contract on May 20, 1908, by sending a letter to that effect to Mr. Laursen. Exhibit F is copy of letter offered in evidence and attached to deposition. Subsequent to the acceptance of the contract Mr. Laursen forwarded an order for goods, and we shipped it." In Exhibit F, referred to, the plaintiff specifically accepted the contract. This being the state of the facts, the actual signature of the plaintiff upon the contract was not necessary.

So, too, it is to be borne in mind that appellants are sued not upon the original contract, but upon the guaranty thereto attached, and the original contract is only important in so far as it furnishes a measure of liability. The contract of guaranty provides: "In consideration of the W. T. Rawleigh Medical Company extending credit to the above-named person, we hereby guarantee to it, jointly and severally, the honest and faithful performance of the said contract by him, waiving acceptance and all notice, and agree that any extension of time or change of territory shall not release us from liability hereon. (Signed) C. J. Lee, Sam Blank." The guaranty was merely an offer that if the Rawleigh Medical Company would accept the contract above mentioned, the

guarantors would be responsible therefor; and of that acceptance there is, as we have said, no question in the evidence.

But appellants also insist that the guaranty was merely an offer of guaranty, and that, there being no proof in the record of an acceptance of the same directly communicated by the plaintiffs to the guarantors, no liability can be had thereunder. There is no merit in this contention. In their written offer, if offer it be, the guarantors expressly waived "acceptance and all notice," and we see no reason why parties may not contract as they please, as long as the contracts which they make are not against public policy. At any rate, we have yet to find a case where a waiver of such notice of acceptance has been held to be a nullity. On the other hand, the validity of such agreements has been constantly upheld. 14 Am. & Eng. Enc. Law, 1149; Brandt, Suretyship, § 225; Hughes v. Roberts, J. & R. Shoe Co. 24 Ky. L. Rep. 2003, 72 S. W. 799; Davis Sewing Mach. Co. v. Rosenbaum, — Miss. —, 16 So. 340; People's Bank v. Lemarie, 106 La. 429, 31 So. 138, 141; Bank of California v. Union Packing Co. 60 Wash. 456, 111 Pac. 573; Wadsworth v. Allen, 8 Gratt. 174, 56 Am. Dec. 137; Bickford v. Gibbs, 8 Cush. 154; Story, Contr. 5th ed. § 1133; Swisher v. Deering, 104 Ill. App. 572, affirmed in 204 Ill. 203, 68 N. E. 517. We realize that counsel for appellant seeks to distinguish some of these cases by alleging that in them not only was the notice of acceptance waived, but there was an express consideration of $1 or more for the guaranty. It is true that such expressed consideration existed in some of the cases cited, but in none of them was it made the foundation of the holding or decision. The fact of the consideration, indeed, was absolutely ignored in all of them, and the holdings were based upon the proposition that the guarantor was "sui juris, and that no legal reason can be given why he could not agree to dispense with the notice of acceptance." See Hughes v. Roberts, J. & R. Shoe Co. 24 Ky. L. Rep. 2003, 72 S. W. 799, 800.

We also are aware of the decisions in Standard Sewing Mach. Co. v. Church, 11 N. D. 420, 92 N. W. 805; William Deering & Co. v. Mortelle, 21 S. D. 159, 16 L.R.A.(N.S.) 352, 110 N. W. 86; and Emerson Mfg. Co. v. Tvedt, 19 N. D. 8, 120 N. W. 1094, cited by counsel for appellant. In the two prior cases, however, there was no waiver of acceptance and notice, while the third case is an authority

for our holding in the case at bar. We know that counsel for appellant seeks to argue from it that, in order that notice of acceptance may be waived, there must by a consideration expressed in the guaranty, and upon which the guaranty may stand independently. We do not, however, so understand the case. What it did hold was that where there was a consideration the instrument would be deemed to be a guaranty, and not merely an offer to guarantee, and the case in no way negatives the proposition that an offer to guarantee might be made which would itself waive an actual notice of acceptance to the offerer, and provide that delivery of the goods on the original contract would be all that would be required. We also know that it is argued that there was no consideration shown for this promise or guaranty, and no meeting of the minds. Such, however, is not the case. There may have been no consideration at the time that the signatures of C. J. Lee and Sam Blank were attached thereto; but directly the plaintiff accepted the same and began to ship goods thereunder, a consideration sprang into existence. Then, also, the minds met. Bickford v. Gibbs, 8 Cush. 154; Platter v. Green, 26 Kan. 252; Kennedy & S. Lumber Co. v. S. S. Contr. Co. 123 Cal. 584, 56 Pac. 457; Dan. Neg. Inst. § 1759. If appellant's contention, indeed, is correct, then there is never any consideration or meeting of the minds in a contract which is based upon an offer and an acceptance.

The case, indeed, is almost parallel in principle with that of Garland v. Gaines, 73 Conn. 662, 34 Am. St. Rep. 182, 49 Atl. 19, and which case is undoubtedly supported by the authorities. In it a householder, being unwilling to rent some rooms to a college student without the guaranty of his father, signed a lease in duplicate, and sent the same to the boy, to be executed by him, and to have the guaranty at, the foot thereof signed by his father, they both being out of the state. The lease was signed and returned to the plaintiff, and the boy took possession of the rooms thereafter. He went away without paying the rent, and the father was sued. "It is true there must have been a legal consideration for the contract of guaranty," the court said, "but such consideration need not have moved from the plaintiff to the defendant. If the guaranty was executed contemporaneously with the lease, and was an essential ground of the credit extended to the lessee, that was a sufficient consideration. . . . If the guaranty was executed subse-

quently to the lease, it will be deemed to have been made contemporaneously with it, if delivered at the same time and before the lessee was permitted to occupy the rooms. . . . The consideration stated in the guaranty, namely, 'the letting of the premises as above described,' was a sufficient one, and was proved by the facts showing that the lease signed by the lessee was not delivered to the plaintiff until after it had been signed by the defendant, that it was so executed and delivered before the commencement of the term and before the lessee commenced his occupancy, and that the plaintiff rented the rooms to Thomas J. Gaines, Jr., upon the faith of the defendant's guaranty." So, too, in the case of Cumberland Glass Mfg. Co. v. Wheaton, 208 Mass. 425, 94 N. E. 803, and which was an action against four guarantors on account of the nonperformance by a certain corporation of a contract to purchase 2,000 gross of bottles, and where it appeared that the contract of sale and guaranty was signed by all of the four defendant guarantors, and was delivered to the plaintiff by one of them, the court said: "But if the contract of sale was accepted and the principals became bound, the defendants assert that they were not bound for want of notice to them of the acceptance of the guaranty. If the defendants' undertaking had been merely a contingent offer to become responsible, notice to them of the plaintiff's acceptance would have been necessary to complete the guaranty. . . . The instrument, however, was executed and delivered by them to the treasurer, who was one of the guarantors, and the defendants do not contend that they were ignorant of its contents or of the purpose for which they signed, or of the fact that it was to be delivered by him to the plaintiff. Having made the treasurer and coguarantor their agent, they were bound by his acts in the formation and completion of the contract and his knowledge of the plaintiff's acceptance or affirmation, as if they had been individually present. . . . The delivery and acceptance of the contract of sale, and the incorporated contract of guaranty, which was absolute and unconditional, were contemporaneous, and the sale of the goods and the extension of credit in reliance upon the guaranty were consummated as the parties intended by one connected transaction. A further or final notice of acceptance under these circumstances would have been a vain and useless act." See also Moses v. National Bank, 149 U. S. 298, 37 L. ed. 743, 13 Sup. Ct. Rep. 900; Fisk v. Stone, 6 Dak. 35, 50 N. W. 125.

The rule, indeed, is clearly laid down by Story in his work on Contracts, 5th ed. vol. 2, § 1133, where he says: "The only notice to which the guarantor has a strict right is notice that his proposal of guaranty is accepted and will be acted upon, *and this right may be waived by the form of the guaranty or by the manifest intention of the parties as implied thereby.*" Not only, indeed, was there an express waiver of acceptance and notice, but the case seems to come within that of Whitney v. Groot, 24 Wend. 82, which was cited with approval by Judge Story, and where the guaranty, "If you will let A have $100 worth of goods on three months' notice, you may consider me as guarantying the same," was held to require no notice of acceptance. In the case at bar the guarantors signed the guaranty attached to the original contract, which was, as yet, unsigned by the medical company. They left it so signed by them in the hands of Laursen for delivery to the company. They, to all intents and purposes, made Laursen their agent for delivery, and said to the company, "If you will deliver the goods, we will guarantee payment, and no notice on your part of acceptance of this proposition is necessary. If you deliver the goods to Laursen, that is sufficient notice to us." The delivery and acceptance of the contract and of the attached contract of guaranty, in short, being contemporaneous, and the sale of the goods and extension of credit being made in reliance both upon the contract and the guaranty, and in the course of one connected transaction, notice of acceptance would hardly have been necessary, in the absence of the waiver, and the waiver has dispelled all doubt upon the proposition. Moses v. National Bank, 149 U. S. 298, 37 L. ed. 743, 13 Sup. Ct. Rep. 900; Dan. Neg. Inst. § 1759.

The judgment of the District Court is affirmed.