ROBERT M. POLLOCK, James W. Pollock, and John C. Pollock, Copartners under the Firm Name and Style of Pollock & Pollock, Respondents, v. MARTIN H. JOHNSON, Appellant.

(172 N. W. 62.)

**Appeal and error — necessity of assignment of errors and statement of the case on appeal.**

When a party appeals from a judgment on a verdict, he must serve and file an assignment of errors and cause a statement of case to be served and settled as prescribed by the statute.

Opinion filed March 31, 1919.

Appeal from the District Court of Cass County, Honorable *A. T. Cole,* Judge.

Affirmed.

*Tim A. Francis,* for appellant.

*Fowler & Green* and *Pollock & Pollock, pro se,* for respondents.

The offer of the respondents to accept $50 in payment for services was an offer for settlement only, was not accepted, and was not admissible in evidence. Grabau v. Nurnberg (N. D.) 166 N. W. 510; Busch v. S. D. Central Drug Co. (S. D.) 135 N. W. 757; Reagan v. McKibben (S. D.) 76 N. W. 943, 945; Wigmore, Evi. §§ 1061, 1062; 16 Cyc. 946; note in 27 L.R.A. 811, 817, 818; Nauman v. Zoerhlaut, 21 Wis. 466; Stryker v. Cassidy, 76 N. Y. 50.

This court has repeatedly held that it will not reverse the judgment of the trial court for errors in ruling upon evidence unless it is affirmatively shown that the complaining party had been prejudiced thereby. Anderson v. First Nat. Bank, 6 N. D. 497; Aultman Miller Co. v. Jones, 15 N. D. 130; Bristol & S. Co. v. Skapple, 17 N. D. 271; Vidger v. Gt. Northern R. Co. 15 N. D. 501; Hart Parr Co. v. Rob Laurence Co. 17 N. D. 257; Miller v. N. P. R. Co. 18 N. D. 19; Willoughby v. Smith, 26 N. D. 209; Madson v. Button, 16 N. D. 281; Smith v. Barnes County, 32 N. D. 4.

On appeal this court has repeatedly held that it will not reverse the judgment of the trial court upon a question of fact where there was evidence sustaining the verdict and the judgment entered thereon, even

42 N. D.—6

though the evidence disputing such finding of fact in the verdict and judgment entered thereon might be equally cogent and credible. Finney v. N. P. R. Co. 3 Dak. 270, 16 N. W. 500; Heyrock v. McKenzie, 8 N. D. 601; Muri v. White, 8 N. D. 58; F. A. Patrick Co. v. Austin, 20 N. D. 261; Lowry v. Piper, 20 N. D. 637; Nelson v. Horton, 19 N. D. 345; Montana Eastern R. Co. v. Lebeck, 32 N. D. 162; Northern Trust Co. v. Brusger, 35 N. D. 150; Senn v. Steffen, 37 N. D. 491.

ROBINSON, J. The plaintiff brings this action to recover from defendant $94.95, with interest, for professional services as attorneys, rendered for and at the request of the defendant. The appeal is from a judgment on a verdict for $94.95, with interest and costs. The judgment must be affirmed for several reasons:

(1) A party desiring to move for a new trial or to appeal from a judgment on a verdict must serve with the notice of motion or notice of appeal a concise statement of the errors of law. In this case the appeal was taken in March, 1918, and the specification of errors was not filed or served until August 18, more than five months after the date for service and filing had expired. Hence, the specification is of no avail.

(2) When an appellant desires to settle a statement of a case, he must within a certain time "furnish a copy thereof to the adverse party, with a notice that at a time and place not less than fifteen, nor more than twenty-eight, days from the service of such notice, he will present the same to the judge for certification as a correct transcript of evidence, etc." The record shows no attempt to comply with this statute. It shows no authorized settlement of any statement of the case. Hence, there is no evidence before this court for review.

(3) From the matter furnished as a copy of the evidence and a statement of the case it does appear that the verdict is well sustained by the evidence. It does so appear quite conclusively from the testimony of D. B. Holt, Edward Engerud, and James Pollock. Indeed, the jury could not have well found a different verdict, but as there is no legal assignment of errors, nor any testimony legally before the court, there is no occasion for any discussion of it.

Affirmed.

GRACE, J. I concur in the result.