[File No. 6873.]

CLIFTON C. McLEAN, Respondent, v. OLAV UNDERDAL and N. E. Ellingson co-partners, doing business in the name and style of Rugby Finance Company, and R. E. Rettinghouse, doing business in the name and style of Ray's Motor Service,

and

ANTON G. HAGER, Intervener and Appellant.

(11 NW(2d) 102)

Opinion filed September 23, 1943

*Nelson & Heringer,* for appellant and intervener.

76

Senn & Jongeward, for respondent.

Morris, Ch. J. A motion was made in the Supreme Court to dismiss the appeal. This motion is based upon two grounds: 1st. that the notice of appeal is not supported by a sufficient undertaking and 2nd. that the statement of the case was not settled within the time prescribed by statute, and that the trial court abused its discretion in extending the time for settlement of the statement in that no "good cause" was shown by the appellant.

The practice question arising on the defective undertaking involves the following facts. A notice of appeal and an undertaking were served on attorneys for the respondent on August 21, 1942, and filed in the office of the Clerk of the District Court of Pierce County on the same day. This undertaking was defective in its terms and its execution. The sureties did not justify in the manner prescribed by § 7837, N. D.

Comp. Laws 1913. A motion was made by the appellant to file a substituted undertaking.

. On motion of the appellant the trial court on October 20, 1942, entered an order permitting the appellant to file an amended undertaking. At the hearing on the motion the respondent objected to the jurisdiction of the trial court to entertain the motion or to make an order permitting the filing of such undertaking. He argues that the trial court lost jurisdiction when the notice of appeal and the first undertaking were served and filed, and that thereafter only the Supreme Court had jurisdiction to permit an amendment.

. In Stewart v. Lyness, 22 ND 149, 132 NW 768, this court held that an undertaking supported by an affidavit that fails to state that the property of the sureties is within the state in the amount specified is ineffectual for any purpose, and dismissed the appeal. No attempt was made by the appellant to amend the defective undertaking either in the Supreme Court or the court below.

. In Burger v. Sinclair, 24 ND 326, 140 NW 235, it was held that where a notice of appeal was given in good faith, and that defects in the undertaking on appeal were occasioned through mistake or accident, the appellant would be given leave to supply the defects pursuant to the provisions of § 7224 Revised Codes (§ 7840, N. D. Comp. Laws 1913).

Permission to amend a defective undertaking on appeal was granted by this court in W. T. Rawleigh Medical Co. v. Laursen, 25 ND 63, 141 NW 64, 48 LRA(NS) 198; and Wasson v. Brotherhood of R. R. Trainmen, 65 ND 246, 257 NW 635. See also Gamble-Robinson Minot Co. v. Mauratis, 55 ND 616, 214 NW 913.

In the above cases application for leave to amend was made in the Supreme Court. The respondent contends that after the appeal has been taken by the giving of notice of appeal only the Supreme Court can grant authority to amend the undertaking. In the cases cited this court rests its authority to grant the amendment on § 7840, N. D. Comp. Laws 1913 which provides: "When a party shall in good faith give notice of appeal and shall omit through mistake or accident to do any other act necessary to perfect the appeal to make it effectual or to stay proceedings, the court from which the appeal is taken or the

presiding judge thereof or the supreme court, or any one of the justices thereof, may permit an amendment or the proper act to be done on such terms as may be just." This section not only authorizes the Supreme Court to permit such an amendment, but also and without distinction confers the same authority upon "the court from which the appeal is taken, or the presiding judge thereof." In commenting on this section in Sucker State Drill Co. v. Brock & Richardson, 18 ND 8, 118 NW 348, this court said: "The statute is remedial in its character, and is intended to favor the perfecting of attempted appeals."

Section 7840, supra, makes no distinction between the jurisdiction of the Supreme Court and the jurisdiction of the court from which the appeal is taken in so far as allowing amendments is concerned. To read into the statute by construction such distinction would border on judicial legislation restricting rather than favoring the perfecting of appeals. We hold that the court had jurisdiction to grant the filing of the amended undertaking.

The respondent also objects to the undertaking on the ground that it fails to undertake that the appellant will obey the orders of the Supreme Court on appeal. This feature deals with the stay of execution. It is not before us on the motion to dismiss the appeal. The undertaking is sufficient as an appeal bond.

As a second ground for dismissing the appeal, the respondent challenges the procedure involving the settlement of the statement of the case. It appears that the trial court granted a motion by the appellant for an extension of time within which to settle the statement. This motion was made more than thirty days after the notice of entry of judgment. The respondent argues that the statement of the case was not settled within the time prescribed by statute and that the trial court abused its discretion in entertaining and granting a motion extending the time for settlement after the thirty day statutory period had expired. The grounds thus urged may not be considered by this court upon a motion to dismiss the appeal. The motion deals with the right of the appellant to have its appeal considered on the merits. This is an appeal from a judgment. Whether the statement of the case has been settled deals only with the scope of review.

In 3 Am Jur 305, Appeal and Error, § 726, we find the following statement dealing with general principles applicable to motions for dismissal of appeals.

"The grounds for dismissal consist of facts which go to show that for some reason the merits of the appeal should not be heard. These grounds fall into four broad general classes: (1) Want of jurisdiction on the part of the court—using that term in the sense of a lack of power either inherent in the court or conferred upon it by Constitution or statute, as distinguished from any limitation arising out of the nature of the action or proceeding, or of the judgment or order, or out of any errors, omissions, or defects in the procedure; (2) the non-appealable character of the judgment or order; (3) the ineffectiveness of any judgment that might be rendered by the appellate court; and (4) defects in procedure. An appeal or error proceeding may also be dismissed for failure to prosecute diligently.

"A motion to dismiss a writ of error on the ground that one of the matters put in issue in the court below did not appear by the record to have been decided, was refused where the issue which was found by the jury made the plea, upon which no issue appears to have been decided, immaterial."

In Gram v. Northern P. R. Co. 1 ND 252, 46 NW 972, the same question is considered and the proper practice suggested. This court said: "At the opening of the argument in this case respondent's counsel moved the court to "dismiss the appeal," and affirm the judgment of the court below, for the reason, as counsel claims, that the bill of exceptions, which is in fact annexed to the judgment roll, was not settled in time, and was, for divers reasons suggested by counsel, never legally settled nor certified by the court below, and hence, as counsel argues, should not be considered by this court as a bill of exceptions within the meaning of the law. Counsel further argues that the motion for a new trial, which appears to have been made and overruled, cannot be reviewed, because the motion was based wholly upon such bill of exceptions, and must fall with the bill. -No reason is suggested by respondent's counsel, either in his brief or upon the oral argument of the motion, why the appeal should be dismissed, hence the motion must be denied. The motion was misconceived. If, as counsel claims, the

bill of exceptions was never legally settled nor certified, it would properly constitute no part of the judgment roll. Under such circumstances, a motion would lie to purge the record by striking out or suppressing the extraneous document. No such motion was made or argued in this case, and hence the entire record as contained in the judgment roll, remains intact, and must be considered in disposing of the case upon the merits." This practice was also followed in Moe v. Northern P. R. Co. 2 ND 282, 50 NW 715; Woods v. Walsh, 7 ND 376, 75 NW 767; Gardner v. Gardner, 9 ND 192, 82 NW 872; McDonald v. Beatty, 9 ND 293, 83 NW 224; Heald v. Strong, 24 ND 120, 138 NW 1114.

In Schlachter v. St. Bernard's Roman Catholic Church, 20 SD 186, 105 NW 279, the Supreme Court of South Dakota cited and followed Gram v. Northern P. R. Co. 1 ND 252, 46 NW 972, supra, wherein it was held that the failure to serve and settle a bill of exceptions is no ground for granting a motion to dismiss the appeal, and that the only motion that could be properly made in such a case would be to strike the bill of exceptions from the record.

This case is here for trial de novo. The record includes not only the statement of the case but also the pleadings, findings, judgment, notice of appeal and undertaking. It comes squarely within the rule announced in Funderburg v. Young, 68 ND 481, 281 NW 87, wherein we said: "In a case triable de novo in the Supreme Court where the certified judgment roll includes a statement of the case, pleadings, findings, judgment, notice of appeal and undertaking, the respondents are not entitled to prevail upon a motion to dismiss the appeal where the only attack is made upon the certification of the statement of the case."

None of the grounds urged in respondent's motion warrant the dismissal of the appeal. The motion to dismiss is therefore denied.

This action involves the right to possession of a motor vehicle known as a Plymouth Pickup. Clifton C. McLean who instituted these proceedings is the vendee under a conditional sales contract. The vendor of the contract is R. E. Rettinghouse doing business as Ray's Motor Service. The conditional sales contract was financed by and for a time was assigned to a co-partnership known as the Rugby

Finance Company. The vendor repossessed the motor vehicle for defaults in payments due under the conditional sales contract and sold it to Anton G. Hager the intervenor. The issue arises between the vendee and the intervenor and involves the right to possession of the pickup truck, the pleadings being a complaint in intervention and McLean's answer thereto.

On October 28, 1940, the vendee purchased the truck in question for $707 from the vendor on a conditional sales contract. He paid $247 in cash and agreed to pay the balance in installments of $28.90 each. This contract was filed in the office of the Register of Deeds. It was not cancelled or satisfied. On December 1, 1941, the vendee was in default three payments on the contract. The vendor took possession of the truck on that date and held it until March 20, 1942. The parties made a new deal for the truck on the latter date and entered into a new contract providing for 12 monthly payments of $19.75 each. This contract was never filed in the office of the Register of Deeds. It provided that all equipment, repairs, and accessories should become a component part of the vehicle and be subject to the terms of the contract, and that the title to the property should remain in the vendor until the indebtedness was fully paid to the seller or assigns. It further provided that: "If the Buyer defaults in complying with the terms hereof, or the Seller deems the debt insecure, or the property in danger of misuse or confiscation, the Seller may take immediate possession of said property, including any equipment or accessories thereto, without demand (possession after default being unlawful). The Seller may resell said property so retaken, at public or private sale, without demand for performance, with or without notice to the Buyer, upon such terms, and in such manner as the Seller may determine; . . . . In order to effect a repossession of said property the Buyer agrees, with or without notice, to deliver the property to the Seller, and hereby expressly authorizes the Seller, his agent or assigns, to enter upon the premises where said property may be situated, with or without process of law, and remove said property."

On June 24, 1942, the vendee was in default at least three installments on the new contract, whereupon the vendor removed the truck from the vendee's premises without his knowledge or consent and took

it to the vendor's garage. This action was taken at the direction of the Rugby Finance Company which requested the vendor to repurchase the contract which he did.

Immediately upon learning that the vendor had repossessed the truck, the vendee called him by telephone and obtained his promise to hold the truck until noon the next day, to give the vendee an opportunity to secure the funds with which to pay the amount due on the contract. Shortly thereafter and on the same day, the vendor sold and delivered the truck to the intervenor who took it out to his farm.

On June 29, 1942, on application of the vendee, the trial court entered an order giving the vendee until July 29, 1942, to make good the defaults existing under the contract, and directed that the truck be impounded and that further proceedings concerning the same be had in the District Court. The sheriff of Pierce County impounded the truck on July 1, 1942, and it remained in his possession at the time of trial. The court's order purported to be made under the provisions of chap. 222, Sess. Laws N. D. 1933 which we will discuss later in this opinion.

The trial court entered judgment determining the vendee to be the owner of the truck and directing the clerk of court to pay out of the moneys deposited with him the balance due thereon under the contract. The intervenor appeals from this judgment.

In Pfeiffer v. Norman, 22 ND 168, 133 NW 97, 30 LRA(NS) 891, this court said: "A conditional-sale contract does not convey title, and if its terms provide therefor it entitles the vendor to retake possession of the property described therein, on default by vendee, if it has previously been delivered to him; and the rights of the vendee are terminated when this is done." The rule set forth in this quotation was followed in Dixon, Inc. v. Central Motors Co. 68 ND 264, 278 NW 648.

Under an express provision of the contract, the vendor was given the right upon default to take possession of the property. The law does not require that possession be obtained through court proceedings. Repossession is lawful if it is accomplished without breach of peace or unlawful trespass. Lynch v. Sable-Oberteuffer-Peterson, 122 Or 597, 260 P 222, 55 ALR 180; Leedy v. General Motors Acceptance Corp.

173 Okla 445, 48 P(2d) 1074; 7 Blashfield, Cyclopedia of Automobile Law & Practice, Perm ed, § 4633. See also notes in 55 ALR 184 and 36 ALR 853.

The vendee contends that the law as set forth in the above quotation from Pfeiffer v. Norman does not apply for two reasons. These reasons are 1st. that the vendor after seizing the property promised the vendee to hold it until noon of the following day to give the vendee an opportunity to cure his default; 2d. that chap. 222, N. D. Sess. Laws 1933 gives to the vendee under a conditional sales contract a reasonable time within which to make good the default after the property has been seized.

This appeal involves the right to the possession of the truck as between the intervenor and the original vendee. It is only to this controversy that we consider the applicability of chap. 222, N. D. Sess. Laws 1933.

Chapter 222 is divided into two sections. The first section provides that in actions for the foreclosure of conditional sales contracts the court may, upon application, make an interlocutory order fixing a reasonable time within which the purchaser may make good his default. In § 7330, N. D. Comp. Laws 1913, we find this definition: "An action is an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong or the punishment of a public offense." The Supreme Court of South Dakota has held that a foreclosure by advertisement of a real estate mortgage does not constitute an action under the foregoing definition. Stevens v. Osgood, 18 SD 247, 100 NW 161.

The seizure of the truck under the provisions of the conditional sales contract did not constitute an action either within the general meaning of that term or within the provisions of chap. 222, N. D. Sess. Laws 1933. That construction is borne out by the fact that the legislature in § 2 of that act saw fit to provide that where a vendor demands or takes possession of property under the provisions of a conditional sales contract the vendee may make a showing to the district court that he "has a legal counter-claim or is entitled to take advantage of the provisions of this act, or has any other valid defense

against the collection of the whole or any part of the amount claimed to be due," whereupon the court may enjoin the vendor "from taking possession of or selling such property, and direct that all further proceedings be had in the District Court having jurisdiction of the subject matter." The second section also provides that the act shall apply to the assignee or transferee of any vendor.

The vendor seized and sold the truck to the intervener on June 24, 1942. No application was made for relief under chapter 222 until five days later. The truck was then in the hands of the intervener who had paid full value therefor.

Chapter 222 did not prevent the title to the truck from passing to the intervener. This chapter does not give to the vendee an absolute right of redemption. It· affords him the right to apply to the court for an order that will prevent the vendor from taking possession of the property or selling it if the property is already in his possession.· Whether this statute may be so construed as to impose upon the vendor the duty to give the vendee a reasonable time after seizure to apply for such an order before selling the property we need not determine. The statute clearly does not prevent title from passing to a bone fide purchaser.

In this case the intervener purchased the truck from one who was in possession and who held the certificate of title provided by § 6, chap. 187, N. D. Sess. Laws 1931. He knew that the truck had been repossessed but that fact did not make it incumbent upon him to contact the former possessor to ascertain if he still claimed any interest in the property or contemplated invoking the provisions of chapter 222.

It is also suggested that chapter 222 applies as between the intervenor and the vendee because of the provision that it shall apply to the assignee or transferee of any vendor. That provision has reference to the conditional sales contract and not to the property and is intended to bring within the purview of the act anyone to whom the contract may be assigned or transferred. It does not apply to the intervener as purchaser of the property from the vendor after repossession.

We next consider the contention that the plaintiff should prevail because after the truck had been seized and taken to his garage by the vendor he promised the plaintiff to give him until noon the fol-

lowing day to make good the default. It is not contended that the intervener had any knowledge of this promise. It was not binding upon him in any respect nor did it affect his title to the property.

Neither chap. 222, N. D. Sess. Laws 1933, nor the promise of the vendor to give the vendee until the following day to make good his default interfered with the passage to the intervener of the valid title to the property. He is therefore the owner thereof and is entitled to its possession. The judgment appealed from is reversed and the case is remanded to the District Court for further proceedings in accordance herewith.

CHRISTIANSON, BURR, NUESSLE, and BURKE, JJ., concur.