**Charles KARABENSH, Plaintiff and Appellant,**

**v.**

**Lee J. GRANT, Defendant and Respondent.**

No. 7533.

Supreme Court of North Dakota.

Dec. 19, 1955.

Lord, Ulmer & Murphy, Mandan, for plaintiff and appellant.

R. J. Bloedau, Mott, for defendant and respondent.

JOHNSON, Judge.

This is an appeal from a judgment obtained by default and from an order denying a motion to open or vacate the judgment thus obtained. There is also an attempt to appeal from the memorandum decision upon which the order denying the motion is based. No appeal lies from the memorandum decision. Zenker v. Winder, N.D., 68 N.W.2d 671.

The plaintiff brought an action to foreclose a mechanic's lien against defendant covering property in the city of Mott, Hettinger County, North Dakota. The defendant answered and set up a counterclaim. A reply was made thereto. The plaintiff noticed the case for trial. January 11, 1955, the Clerk of the District Court, Hettinger County, notified the attorneys for the plaintiff that a term of the district court would convene on Tuesday, February 1,

1955, at the hour of ten o'clock in the fore-noon in Hettinger County, Mott, North Dakota. At the call of the calendar on February 1, 1955, the plaintiff was represented by local counsel. He, however, did not know anything about the case. Plaintiff and his regular counsel were not present. This case was the only case on the calendar for trial. On February 1, 1955, plaintiff's counsel was engaged in the trial of another action in Grand Forks County, North Dakota. The defendant was ready for trial and the case was tried by the district court in the absence of the plaintiff and his attorneys. Judgment was granted to the defendant on his counter-claim. It was filed and docketed the same day the case was tried, February 1, 1955.

On February 15, 1955, plaintiff's attorneys served notice of motion and motion to stay execution of the judgment to open the default judgment and set it aside. The motion was heard by the district court on the 14th day of April, 1955. On the 21st day of April 1955 the district court denied the motion. The plaintiff based his motion on several grounds. He relies principally, however, on inadvertence and excusable neglect as a basis for his request to vacate and set aside the judgment.

In this court the defendant moves to strike the settlement of the statement of case and dismiss the appeal. He asserts that no proper notice of settlement of the case was ever served upon him and the case never settled as required by statute. He also states that no valid cost bond on appeal has been furnished by appellant. If these objections have merit, the practice questions raised may prevent us from dis-cussing the circumstances upon which the plaintiff relies in his motion to open and set aside the judgment of the defendant.

A notice of certification of record was served upon the defendant's attorney. It recites:

"That said plaintiff herein will, not less than fifteen (15) nor more than thirty (30) days after the service here-of, present to the Court for certifica-tion on appeal the records, files and papers, copies of which are hereto at-tached and herewith served upon you."

On June 25, 1955, without further notice to the defendant or his attorney, the dis-trict court entered its order settling the statement of the case. No transcript is in-volved.

 It is clear that when Sections 28–2805 and 28–1806 NDRC 1943 are con-strued together, that the notice of motion for settlement of the statement of a case contemplates a notice which sets the date, time and place for a hearing thereon. Subsection 2 of section 28–1806 pertains only to the transcript. But it speaks of the "date set" and the "time set". The notice of certification of the record in this action does not constitute a proper notice con-templated by the statutes. The record shows that there has been no compliance with the statutes for settlement of the statement of the case. Pollock v. Johnson, 42 N.D. 81, 172 N.W. 62. The statement of the case must be stricken.

 It is urged that since the defendant did not object to any part or portion of the record within "five days before the date set"; he waived his right to challenge the certification. Suffice it to say no date was set by the plaintiff, and the quoted phrase applies to the transcript only.

 We will next determine whether any appeal has been perfected. To render an appeal effectual for any purpose, an undertaking must be executed on the part of the appellant by at least two sureties to the effect that the appellant will pay costs and damages which may be awarded against him on appeal not exceeding $250. Section 28–2709 NDRC 1943. Section 28–2723 NDRC 1943 deals with the justifica-tion of sureties on an appeal undertaking. One of the requirements of that section is that each surety shall state that he is worth a certain sum mentioned in his affi-davit over and above his debts and lia-bilities "*in property within this state not by law exempt from execution*". In the un-dertaking filed on this appeal the sureties

signed an affidavit of justification as follows:

"* * * being duly sworn on oath do say each for himself that he is one of the sureties on the foregoing cost bond on appeal, and that he is worth the sum of Five Hundred Dollars ($500.00) over and above his liabilities and his legal exemptions, and that he is a householder of the County of Morton, State of North Dakota."

In the justification of the sureties the phrase "in property within this state" is omitted. In the case of Stewart v. Lyness, 22 N.D. 149, 132 N.W. 768, this court held:

"that an undertaking upon appeal shall be of no effect, unless accompanied by the affidavit of the sureties, in which each surety shall state that he is worth the sum mentioned in such affidavit over and above all his debts and liabilities *in property within this state*, not by law exempt from execution, and the sum so sworn to by such sureties shall in the aggregate be double the sum specified in such undertaking. Held, that an appeal to this court in which the undertaking, referred to in said section is supported by an affidavit which fails to state that the property of the sureties is within this state in the amount specified is ineffectual for any purpose, and that such undertaking must be stricken out on motion, and the appeal dismissed." (Emphasis supplied.)

In resistance to the motion to strike and to dismiss, the plaintiff asserts that the cost bond on appeal is proper, sufficient and in accord with the statute and that the failure of counsel for defendant to object to the sufficiency of the sureties within the time required by statute at the taking of the appeal constitutes a waiver of such objection. The objection does not involve the sufficiency of the sureties. It involves a failure to present an undertaking in which the sureties have justified in terms required by the statute. The bond is ineffectual and for that reason the appeal must be dismissed.

The rule in the case of Stewart v. Lyness, supra, has been reiterated by this court in the cases of Burger v. Sinclair, 24 N.D. 326, 140 N.W. 235 and W. T. Rawleigh Medical Co. v. Laursen, 25 N.D. 63, 141 N.W. 64, 48 L.R.A.,N.S., 198. See also McLean v. Underdal, 73 N.D. 74, 11 N.W.2d 102. In these cases application for leave to amend was made. In this case, as in the case of Stewart v. Lyness, supra, there is no intimation made by the plaintiff and appellant that he desires to amend his undertaking under the provisions of Section 28-2726 NDRC 1943. Apparently he stands on the undertaking furnished.

The appeal is dismissed.

BURKE, C. J., and SATHRE, MORRIS and GRIMSON, JJ., concur.