Anna COMPSON, Plaintiff and Appellant,

v.

Ed. M. OLSON, Defendant and Respondent.

No. 7485.

Supreme Court of North Dakota.

Feb. 17, 1956.

were in favor of the defendant. The appeal is by the plaintiff.

Defendant has moved to dismiss the appeal upon the ground that there is no legally settled statement of the case before this court. Section 28–1806, NDRC 1943, provides specifically the manner in which the record in a case for presentation to the supreme court on appeal shall be prepared. Among other things it provides: " * * * the moving party must procure a transcript of the evidence and furnish a copy thereof to the adverse party with a notice that at a time not less than fifteen days nor more than thirty days after the service of such notice, he will present the same to the judge for certification as a correct transcript of the evidence and of all proceedings had and made a matter of record by the official reporter, and that, at the same time, he will ask the judge for a certificate identifying the exhibits and depositions in the case". In this case a certification by the trial judge has been filed. It appears, however, that no notice that such certificate would be applied for by the plaintiff was ever served upon the defendant and that the defendant was therefore given no opportunity to apply for corrections and additions or to make any objections to the record presented to the judge by the plaintiff for certification.

 The statute relating to such notice must be complied with or there is no authorized settlement of any statement of the case. Pollock v. Johnson, 42 N.D. 81, 172 N.W. 62; Karabensh v. Grant, N.D., 73 N.W.2d 782.

 There being no valid settlement in this case, there is no evidence before this court for review. While the absence of a settled statement of the case does not require a dismissal of an appeal, it limits the review of this court to matters appearing upon the face of the judgment roll. Cary v. Kautzman, 78 N.D. 875, 53 N.W.2d 99; Brand v. Brand, N.D., 65 N.W.2d 457. Since there are no specifications of errors of this nature the judgment of the district court must be affirmed.

Wm. L. Paulson, Valley City, Philip L. Scherer, Winthrop, Minn., for appellant.

Nilles, Oehlert & Nilles, Fargo, and Roy A. Ployhar, Valley City, for respondent.

PER CURIAM.

This is an appeal from an order denying a new trial of an action for damages alleged to have resulted from the negligent operation of a motor vehicle. The verdict of the jury and the judgment in the action