CHAS. F. ELLIS AGENCY, INC., Plaintiff and Appellee,

v.

Allan A. BERG, dba Berg's Auto Body Shop and also dba Mandan Iron and Metal, Defendant and Appellant.

Civ. No. 8939.

Supreme Court of North Dakota.

Jan. 31, 1974.

Christensen, Christensen & Baer, Bismarck, for defendant and appellant.

Patrick S. O'Neil, Mandan, for plaintiff and appellee.

PAULSON, Judge.

This is an appeal by the defendant, Allan A. Berg, from a memorandum decision of the Morton County Court of Increased Jurisdiction entered on May 9, 1973, denying Mr. Berg's motion to reopen the default judgment entered by that court on September 26, 1972.

The original action in the county court of increased jurisdiction arose out of a claim for insurance premiums due the plaintiff, the Chas. F. Ellis Agency, Inc. [hereinafter Ellis Agency], from Mr. Berg. The insurance was issued to Mr. Berg by the Ellis Agency on or before April 22, 1966, with premiums then due in the amount of $310.76.

The summons and complaint, which alleged the nonpayment of the insurance premiums, were served on Mr. Berg on September 1, 1972, and were filed on September 26, 1972.

On September 21, 1972, Mr. Berg's attorney mailed a notice of appearance dated September 15, 1972, to the clerk of the district court of Morton County with instructions to that clerk that if the within action had been filed, the notice of appearance was to be filed; and if such action had not been filed, the notice of appearance was to be returned to Mr. Berg's attorney.

Subsequently, on September 22, 1972, the notice of appearance was returned to Mr. Berg's attorney, with the notation by the clerk of court that the action had not been filed as of that date.

On September 26, 1972, the Ellis Agency's attorney filed the action with the Morton County Court of Increased Jurisdiction and obtained a default judgment against Mr. Berg.

On October 16, 1972, Mr. Berg filed a motion to reopen the default judgment but did not bring said motion on for hearing until April 18, 1973.

The hearing on the motion, which was held on April 30, 1973, resulted in a memorandum decision by the court on May 9, 1973, which provided, in pertinent part, as follows:

"It is therefore ordered that defendant's motion is denied and plaintiff's at-

torney is directed to prepare an order denying said motion and submit it to this court for signature within one week."

On May 11, 1973, before the order had been prepared and submitted to the trial court for signature pursuant to the instructions contained in its memorandum decision, Mr. Berg appealed to this court. His notice of appeal states that the appeal is "from the said Memorandum Decision and the whole thereof".

The record reveals that no final order has ever been entered by the clerk of court in this matter.

■ Even though the Ellis Agency has not raised the issue with respect to whether the lower court's memorandum decision of May 9, 1973, constitutes an appealable order, it is the duty of this court to dismiss the appeal on our own motion if we conclude that it is not an appealable order. Trautman v. Keystone Development Corporation, 156 N.W.2d 817, 819 (N.D.1968); Shrock v. Roy, 111 N.W.2d 703, Syll. ¶ 3 (N.D.1961); Ferguson v. Jensen, 76 N.D. 647, 38 N.W.2d 560, Syll. ¶ 2 (N.D.1949).

■ The right to appeal is purely statutory [Berg v. Kremers, 154 N.W.2d 911, Syll. ¶ 1 (N.D.1967); Anderson v. Bothum, 77 N.D. 678, 45 N.W.2d 488, Syll. ¶ 2 (N.D.1950)]; and an order is appealable only when it comes within the provisions of § 28–27–02, N.D.C.C.

A perusal of § 28–27–02, N.D.C.C., does not reveal that there is any provision for an appeal from a memorandum decision.

■ In Trengen v. Mongeon, 200 N.W. 2d 50, in paragraph 1 of the syllabus (N. D.1972), this court held:

"The appellate jurisdiction of the supreme court in civil actions is the power vested in the supreme court to review and revise the judicial action of the inferior court and must be evidenced by an appealable order or judgment rendered by the inferior court, and until such order or judgment is rendered there is no right of appeal."

In 4 Am.Jur.2d, Appeal and Error § 75, at pages 591–592, it is stated:

"Ordinarily no appeal lies from an opinion as distinguished from a judgment. And the same rule has usually been applied to memorandum opinions or decisions. But in some jurisdictions the view is taken that an opinion supports an appeal where it contains language that, standing alone, constitutes a judgment or order as these terms are defined for purposes of appeal in the particular jurisdiction."

The appealability of memorandum decisions is also discussed in 73 A.L.R.2d at pages 312–314, wherein it is stated, at page 313:

"On the other hand, the general rule that no appeal lies from a memorandum opinion is applicable where it contains no order or judgment as these terms are defined in a particular jurisdiction."

As authority for these statements in each instance, the North Dakota case of Karabensh v. Grant, 73 N.W.2d 782 (N.D.1955), is cited. In *Karabensh* the appellant attempted to appeal, not only from a judgment obtained by default and an order denying a motion to open or vacate that judgment, but also from a memorandum decision. This court dismissed the purported appeal from the judgment and order because a proper undertaking was not furnished.

With respect to the attempted appeal from the memorandum decision, the court said, in *Karabensh, supra,* 73 N.W.2d at 783:

"There is also an attempt to appeal from the memorandum decision upon which the order denying the motion is based.

No appeal lies from the memorandum decision."

This court later discussed the appealability of memorandum decisions of trial courts in Nord v. Koppang, 131 N.W.2d 617 (N.D.1964). *Nord* involved a purported appeal wherein the appellant's notice of appeal asserted that the appeal was from two memorandum decisions of the trial court. This court determined that the purported appeal was, in fact, from orders of the trial court entered upon the memorandum decisions. The appeal was then dismissed because the orders themselves were not appealable.

Discussing the appealability of a memorandum decision, Mr. Justice Thomas Burke, writing the opinion of the court, said in *Nord, supra,* 131 N.W.2d at 618:

"We point out that memorandum decisions of trial courts are not appealable. Orders entered upon such decisions are appealable if they come within the statutory definition of appealable orders. Section 28–27–02, NDCC."

We adopt the rationale of this court in *Karabensh* and *Nord* that there is no right to appeal from a memorandum decision which is not intended to be a final order.

In the instant case, Mr. Berg has attempted to appeal from the trial court's memorandum decision which explicitly directs the prevailing party to prepare and submit a final order to the court for its signature at a later date. It is clear that such memorandum decision was not intended to be a final order and it is therefore not appealable. It follows that the purported appeal does not confer upon this court jurisdiction to review any action of the county court of increased jurisdiction. The appeal is therefore dismissed.

ERICKSTAD, C. J., and TEIGEN, VOGEL and KNUDSON, JJ., concur.